## VEATCH v. THE STATE.

CRIMINAL LAW.—*Murder.*—*Manslaughter.*—*Verdict Assessing Fine.*—*Surplusage.*—*Judgment.*—*Venire de Novo.*—On the trial of a defendant indicted for murder, the jury returned a verdict finding "the defendant guilty of manslaughter, as charged in the indictment, and that *he be fined in the sum of one dollar,* and be imprisoned in the State's prison for a period of fifteen years."

*Held,* on motion for a *venire de novo,* that the jury is not authorized to assess a fine in such case, but that the same should be regarded as mere surplusage, not vitiating the residue of the verdict, and that judgment should be rendered against the defendant, imprisoning him as directed by the verdict.

SAME.—*Erroneous Instruction Cured by Judgment.*—An erroneous instruction to the jury in such case, informing them, that, in addition to imprisonment, they might assess a fine against the defendant, if found guilty, was cured by the court by disregarding the fine imposed by the verdict and rendering judgment of imprisonment.

SAME.—*Former Acquittal.*—*Effect of Obtaining New Trial.*—*Waiver of Constitutional Right.*—Where a defendant, who has been convicted of manslaughter on an indictment for murder, obtains a new trial, he may, on such new trial, be convicted of murder, as he, by obtaining the new trial, consented to be put on trial a second time for the same offence, thereby waiving his constitutional right to stand upon his implied acquittal of murder on the first trial.

From the Marion Criminal Circuit Court.

*B. F. Davis* and *J. L. Mason,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

WORDEN, J.—This was a prosecution against the appellant, for murder.

He was once before tried upon the indictment, and convicted of manslaughter, and the judgment was reversed in this court. *Veatch* v. *The State,* 56 Ind. 584.

When the cause went back from this court, the appellant was again tried upon the indictment, and the following verdict was returned, viz. :

"We, the jury, find the defendant guilty of manslaughter, as charged in the indictment, and that he be fined in the sum of one dollar, and be imprisoned in the State's prison for a period of fifteen years."

The appellant filed motions for a *venire de novo* and for a new trial; but they were overruled, and exceptions taken.

The court rendered judgment for the fifteen years' imprisonment, omitting any judgment for the fine mentioned in the verdict.

We will consider the questions arising under the motions thus made and overruled.

The crime of manslaughter subjects the party guilty thereof to imprisonment in the state-prison for a period of not more than twenty-one nor less than two years, but does not subject him to any fine or pecuniary punishment. 2 R. S. 1876, p. 426, sec. 8.

The jury, under our administration of the criminal law, determine the punishment to be inflicted.

The question arising on the motion for a *venire de novo* is, whether that part of the verdict which assesses a fine of one dollar upon the appellant vitiates the verdict, so that a valid and legal judgment could not be rendered upon the residue thereof. The verdict, it will be seen, is full and complete, and fixes the statutory punishment, as required by law. But it also goes further, and adds a punishment not known to the law.

The punishment thus added—the fine—is a matter which is entirely separate and distinct from the imprisonment, and may be struck out as surplusage, without diminishing, or in any way changing, the legal effect of the residue of the verdict. And we are of opinion, that the court below properly regarded that part of the verdict as sur-

plusage, and rendered judgment as if it had not been contained in the verdict at all.

In 1 Bishop Crim. Proced., sec. 1012, it is said, that, "If the jury assess a larger punishment than the law authorizes, the finding becomes void; and the prosecuting officer can not cure the defect by remitting the excess of punishment, for the law gives him no power to make such remission."

In support of this proposition, reference is made to the case of *Allen* v. *The Commonwealth*, 2 Leigh, 727.

The case referred to is not parallel with the one here. There, the jury had been instructed that the minimum penalty for the crime with which the accused was charged was imprisonment for two years; whereas the minimum was one year, and the maximum three years. The jury convicted the accused, and fixed his punishment at imprisonment for two years.

The defendant moved for a new trial on account of the misdirection of the jury in respect to the punishment; and thereupon the attorney for the Commonwealth offered to waive and remit one year's imprisonment, and take judgment for one year only. This was done, and judgment was rendered for one year's imprisonment. The Court of Appeals said that the error in the instruction "was not corrected by what was done by the attorney for the Commonwealth. The power of pardon was not in his hands. His waiving and remitting one year of the term, was a void act, and ineffectual to any purpose. It left the verdict entire; and being entire, the judgment rendered by the court was not according to the verdict."

The judgment was reversed.

It will be seen that there are at least two important distinctions between the Virginia case and that before us:

In the Virginia case, the attorney for the Commonwealth, sought to cure the error by waiving a part of an entire thing, the verdict for imprisonment for two years. The case before us would, in principle, have been more like

that in Virginia, if the verdict had fixed the punishment at imprisonment for a greater length of time than is provided for by the statute, as, for example, twenty-five years. But, here, the part of the verdict omitted in the judgment—that in reference to the fine—was wholly distinct and separate from the part in reference to the imprisonment. The part in reference to the fine could be omitted in the judgment without in any manner modifying, or detracting from, that in reference to the imprisonment. Here, the verdict was not an entirety, but embraced two distinct and divisible things, viz., the fine and the imprisonment.

Again, in the Virginia case, the part of the verdict waived and remitted by the attorney for the Commonwealth was a legitimate and proper part of the verdict, that is, it inflicted a punishment which was authorized by law for the offence charged. The law, as we have seen, authorized, for the offence charged, imprisonment for three years as the maximum. Here, however, the part of the verdict omitted in the judgment was not authorized by law. No pardoning power was necessary, nor was any, in effect, exercised, in rendering judgment on the verdict, omitting the fine. Nothing was waived or omitted which the law authorized to be inflicted as part of the punishment. The appellant was in no manner injured by that part of the verdict in relation to the fine, and the court properly disregarded it in rendering judgment.

We pass to the motion for a new trial.

On the trial, the defendant offered in evidence the record of the former conviction in the cause, " as proof of his former acquittal of murder in the first and second degrees, and for no other purpose," but the evidence was excluded.

The theory of the appellant is, that the former verdict, which was for manslaughter only, operated as an acquittal of murder in either of its degrees; and that, upon

a subsequent trial, he could not be convicted of murder in either degree. The constitution, it is true, provides, that "No person shall be put in jeopardy twice for the same offence."

But there are many cases in which this constitutional provision is deemed to have been waived. Thus, if one is convicted of an offence, and obtains a new trial, either in the court in which the case is tried, or on appeal or writ of error, he is deemed to have waived the constitutional provision, and may, of course, be put upon trial the second time for the same offence, and so on as often as he obtains a new trial. The statute regulating criminal pleading and practice provides, that "The granting of a new trial places the parties in the same position as if no trial had been had; the former verdict can not be used or referred to, either in the evidence or argument." 2 R. S. 1876, p. 408, sec. 141.

Now, it would seem, that, if a party takes a new trial in a criminal case, he takes it on the terms prescribed by the statute, and consents to be placed "in the same position as if no trial had been had." If this is so, where a party has been tried on an indictment for murder, and convicted of manslaughter, and has obtained a new trial, he may, upon the new trial, be convicted of murder; for, by obtaining the new trial, he consented to be placed in the same position as if no trial had been had. But, however this may be, the appellant was not injured by the rejection of the evidence, for he was not convicted of murder, but of manslaughter only.

The court inadvertently gave to the jury the following charge: "If the jury find the defendant not guilty of murder in the first or second degree, but find him guilty of manslaughter, then the jury should assess his punishment, imprisonment in the state-prison for a period of not less than two, nor more than twenty-one years, and assess a fine not exceeding one thousand dollars."

This charge was wrong in respect to the fine, as has al-

ready been seen, a fine constituting no part of the punishment for manslaughter. But we are of opinion that the charge resulted in no harm whatever to the defendant. The court corrected the error into which it had fallen, by rejecting the fine*assessed by the jury, and rendering judgment for the imprisonment in accordance with the verdict.

We are of opinion, that there is no available error in the record.

The judgment below is affirmed, with costs.