FLENNIKEN v. MARSHALL.

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS.—The Constitution requires that "dues from corporations shall be secured by such individual liability of the stockholders and other means as may be prescribed by law," and that every act of incorporation shall so provide. A charter thereafter granted provided "that the personal liability of each stockholder shall not exceed ten per cent. in addition to the amount of shares which he or she holds." *Held*, that this was not a penal statute, requiring strict construction; that the additional liability imposed is definite, and that the stockholders in this corporation are liable to one having a demand against it, to the extent of ten per cent., in addition to the amount of the shares which they hold.

2. IBID.—IBID.—TORTS.—*Held, further*, that the stockholders are so liable for damages growing out of a personal injury inflicted by this corporation, as well as debts by contract, the word "dues" being sufficiently comprehensive to include both.

Before FRASER, J., Richland, April, 1894.

This was a controversy submitted without action on October 6, 1893, in which it is stated that David R. Flenniken recovered judgment on July 19, 1893, for $1,000 and costs against the Columbia Street Railway Company, under his complaint demanding damages for personal injuries received by him on October 5, 1892, while alighting from one of defendant's street cars, by reason of the negligence of defendant; that an execution against said defendant had been returned *nulla bona*, and that the defendants to this controversy were stockholders in said corporation. The Circuit Judge held that defendants were not liable,

as "damages recoverable for torts are neither dues nor debts, and shareholders are not liable for them." Plaintiff appealed.

*Messrs. J. S. Muller* and *Andrew Crawford,* for appellant.

*Messrs. Lyles & Muller,* contra.

January 19, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. The questions submitted to the court below upon this case were as follows: 1. Are the said J. Q. Marshall, W. H. Lyles, W. G. Childs, W. A. Clark, and James Woodrow liable to the said David R. Flenniken, and if so, to what extent? 2. What judgment or judgments, if any, should the said David R. Flenniken have against said parties? In other words, can the stockholders of the Columbia Street Railway Company be made liable for an assessment of ten per cent., or any other amount, upon their holdings of stock, in satisfaction of a claim against that company for damages for personal injury by the negligence of the employees of the company?

This claim, of course, is founded upon a *tort.* The provisions of the Constitution relative to the liability of stockholders of corporations are found in art. XII., §§ 4, 5. Section 4 is as follows: "Dues from corporations shall be secured by such individual liability of the stockholders and other means as may be prescribed by law." Section 5 is as follows: "All general laws and special acts passed pursuant to this section shall make provisions therein for securing the personal liability of stockholders under proper limitations," &c. The reference in the act incorporating the Columbia Street Railway Company to the liability of the stockholders is found in section 4, which provides: "That the personal liability of each stockholder shall not exceed ten per cent., in addition to the amount of shares which he or she holds." Section 22 of the general incorporation act of 1886 (19 Stat., 546,) is as follows: "The following provisions shall constitute a part of the charter of every corporation, other than railroad and banking corporations, already in existence under act of the assembly of this State, either general or special, passed since the adoption of the present Constitution, or which may be at any time hereafter created under

6—43

or by virtue of any act of assembly, general or special, to wit: (A) That each stockholder in any such corporation shall be jointly and severally liable to the creditors thereof in an amount, besides the value of his share or shares therein, not exceeding five per cent. of the par value of the share or shares held by such stockholders, at the time the demand of the creditor was created. * * * Provided, further, that the liability enforced in this provision shall not apply to any corporation whatever in this State, in the charter of which a different liability shall have been or shall be imposed."

It will be observed that the Constitution, in section 4, says: "Dues from corporations *shall* be enforced;" and in section 5: "All general laws and special acts passed pursuant to this section *shall make provision therein for fixing the personal liability of stockholders under proper limitations.*" These words are mandatory. It must be presumed that the legislature, in passing the special act incorporating this company, and the general act of incorporation of 1886, intended to carry out the requirements of the Constitution touching the liability of stockholders, and that the language used is to be construed in connection with the words of the Constitution bearing upon that subject.

It is argued on the part of the defendants that they are not liable under the act incorporating the company, because said act simply fixes a limitation beyond which the liability of the stockholders shall not extend, but does not make provision as to the amount for which they could be made liable. This objection, if tenable, would apply equally to the general incorporation act of 1886, because it provides that the stockholders shall be liable in an amount *"not exceeding* five per cent. of the par value," &c., but does not provide as to the amount for which they shall be made liable. In the case of *Bird* v. *Calvert,* 22 S. C., 297, the court decides that the provision in a special act of incorporation as to the liability, which is identical with that in the general act of incorporation of 1886, made the stockholders liable for the five per cent. therein mentioned. The court said: "The individual liability of the stockholders is made as direct and unconditional for the five per cent. as for the subscribed stock itself." In the case of *Hall* v. *Klinck,* 25

S. C., 351, Chief Justice McIver quotes from the case of *Terry* v. *Little*, 101 U. S., 217, as follows: "The individual liability of stockholders in a corporation is always a creature of statute. It does not exist at common law.   The first thing to be determined in all such cases is, therefore, what liability has been created?   There will always be difficulty in attempting to reconcile cases of this class, in which the general question of remedy has arisen, unless special attention is given to the precise language of the statute under consideration. * * * The form and extent of a statutory liability of this kind depend upon the particular phraseology of the statute which creates the liability."

There is nothing in the Constitution or acts of the legislature making the liability of the stockholders of a penal nature, and, therefore, demanding a strict construction.   They are to be interpreted by the ordinary rules of construction applicable to a remedial statute.   In the case of *Sullivan* v. *Manufacturing Co.*, 14 S. C., 499, Chief Justice McIver, in behalf of the court, says: "They—both corporation and directors—have violated the same right of plaintiff to have payment of his debt, and the cause of action against both is, in fact, the same.   The legal wrong done to the plaintiff is done alike by the directors and the corporation.   The same remark will apply to the cause of action growing out of the account.   It is urged, however, that the liability of the directors under the charter does not rest upon contract, but is for a *tort*, or in the nature of a *tort*, while that of the corporation confessedly grows out of contract.   We can not concur in this view.   The language of the act is that, on the contingencies named therein, the directors 'shall be jointly and severally liable for all debts,' &c.   This language is not appropriate to the purpose of imposing a penalty, but rather conveys the idea that, on the contingencies mentioned, the directors shall be regarded as having assumed the payment of the debts of the company.   It does not declare that they shall forfeit a certain sum of money, or the amount of their stock, or that they shall pay a certain penalty, but they shall become liable for the payment of the debts—that is, they shall assume the payment of them.   When these defendants accepted the position of directors of a company organized under an act

declaring that, in certain contingencies, they should become liable for the debts of the company, they must be regarded as having agreed that, if such contingencies should happen, they would pay the debts of the company."

When the Constitution and act incorporating the company are construed together, they impose a liability on the stockholders of ten per cent. in addition to the amount of the shares which they held. Sutherland on Statutory Construction, p. 422, section 334, says: "That which is implied in a statute, is as much a part of it as that which is expressed."

This brings us to a consideration of the meaning of the word "dues." There is no case in our reports directly in point. The Constitution of Ohio has words identical with those in article XII., section 4, of our Constitution. This provision of the Ohio Constitution was construed in 1892 by the Supreme Court of that State in the case of *Rider* v. *Fritchey*, 49 Ohio St., 295. The argument of the court is convincing, and we rely principally on that case for the conclusion reached by us as to the meaning of the word "dues." The court in that case says: "The provision (section 3, article 13,) is: 'Dues from corporations shall be secured by such individual liability of the stockholders and other means as may be prescribed by law; but in all cases each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock.'" The question turns upon the import of the word "dues." It has been contended that provisions creating individual liability on the part of the stockholders are in derogation of the common law, and are, therefore, to be construed strictly. Authorities in support of this rule are not wanting, and, in so far as such liability is attached, by way of penalty for the omission of some act required by the statute, as in some of the States, it is probable that the weight of authority favors the proposition. But all concede that this is a remedial provision, and to hold that there must be applied to it the same test as if it were a penal law, is to hold that all remedial laws must be so construed, for every remedial law, of necessity, be in derogation of the common law. Where the provision is simply

remedial, though it does impose an obligation that did not attach at common law, we see no reason to insist upon what is called a strict construction, but believe that the ordinary rule, which requires the court to inquire simply as to the intent of the law-makers, reading the provisions as they were intended to be read, will best attain the ends of justice.

"This leads us to look to the intent of the section quoted. Speaking in general terms, it must be manifest that the intent was to provide that those who derive advantage from the authority of the State, given by our incorporation laws, shall, at the same time, assume responsibility for the acts of the artificial creature which they have called into legal being, affecting the rights of others. Having in mind this general intent, and the provision being remedial, it should, we think, be construed with a view to remove the evil and extend the benefit proposed. * * * It would seem to be the undoubted duty of the court to give the word 'dues,' as found in the section quoted, such construction as will secure the apparent object of the Constitution-makers in its adoption. Constitutions are necessarily couched in terse language, and we look there for the use of words in a broad, comprehensive sense. * * * It is difficult to see any reason why the framers of the Constitution should intend to afford one who gives credit for goods or money to a corporation a right to demand compensation of the stockholders in case of insolvency, and deny a like right to one who entrusts it with the care of his person, as in the case of a passenger, or to one, even a stranger, who, without fault on his part, is injured by the negligence of the corporation agents. It may well be asked, are the rights of things more sacred than the rights of person? Is there any rule of public policy which would justify the protection of rights arising *ex contractu*, which would not equally call for protection of rights arising *ex delicto*, or any claim for unliquidated damages?"

We are of opinion that the word "dues" is comprehensive enough in its meaning to include a demand against the stockholders arising *ex delicto*, and that the defendant stockholders are personally liable to the amount of ten per cent. on the shares held by them.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause remanded to the Court of Common Pleas for Richland County for such further proceedings as may be necessary to carry out the view herein announced.