Opinion of the Court—Sweeney, J.

[No. 1831]

IN THE MATTER OF AN APPLICATION FOR A WRIT OF PROHI-
BITION AGAINST PETER SOMERS.

1. CRIMINAL LAW—FORMER JEOPARDY—CONVICTION OF LOWER AS ACQUITTAL
OF HIGHER DEGREE OF OFFENSE.
   Where one charged with murder is convicted of involuntary man-
slaughter, a lower degree of homicide, and on appeal a new trial is
granted him because of a mistrial in the first instance, or for irregu-
larity or .prejudicial error committed against him, the reversal and
remanding sets aside the result of the former trial and leaves accused
in the same position as if he had never been tried; and he cannot
plead former acquittal of crimes of a greater degree than the one of
which he was convicted, in view of Comp. Laws, 4392, providing that
a new trial is a reexamination of the issue in the same court before
another jury after a verdict has been given, and places the parties in
the same condition as if no trial had been had, etc.

2. CRIMINAL LAW—FORMER JEOPARDY—WAIVER OF CONSTITUTIONAL RIGHT.
   Under such circumstances accused is estopped from pleading rights
under the Constitution, art. I, sec. 8, providing that no person shall
be subject to be twice put in jeopardy for the same offense, or under
Comp. Laws, 3996, providing that no person shall be subject to a
second prosecution for a public offense for which he has been prose-
cuted and duly convicted or acquitted, and waives his rights there-
under.

ORIGINAL PROCEEDING. George Gibson applies for a writ
of prohibition against Peter Somers, Judge, and another.
**Denied.**

The facts sufficiently appear in the opinion.

*D. S. Truman*, for Petitioner.

*R. C. Stoddard*, Attorney-General, and *L. B. Fowler*, Deputy
Attorney-General, for Respondent.

By the Court, SWEENEY, J.:

This is an application for a writ of prohibition to restrain
the judge of the respondent court from proceeding to try the
petitioner for murder or any other crime under an indictment
for murder in this case. The petitioner was indicted on or
about the 25th day of September, 1907, by the grand jury of
Esmeralda County for the crime of murder, and on the trial
thereof was convicted of involuntary manslaughter and sen-
tenced to three years' imprisonment in the Nevada State

Prison. A motion for a new trial was duly made and overruled, and an appeal from said order perfected to this court, and the case reversed, and the cause remanded to the district court for retrial. Thereafter the cause was set down for a new trial in the district court, and the petitioner interposed a plea of former acquittal as to the crime of murder, murder in the second degree, voluntary manslaughter, and all other crimes or offenses coming within said indictment. At the same time the defendant moved the lower court to be discharged from said indictment, and that no further proceedings be had under and by virtue of said indictment whatsoever. The lower court overruled the motion to discharge the petitioner or to allow his plea of former acquittal, and proceeded to set the cause down for trial upon the former indictment for murder.

The questions involved in this plea for a writ of prohibition may all be resolved, for the purpose of determining this case, into the query of whether or not, when a defendant is tried upon an indictment for murder and convicted of one of the lesser crimes of homicide, if the case should be reversed, whether or not on a new trial the defendant can interpose the plea of formal acquittal to all crimes of a greater degree than the one of which he was convicted. On this question there is some contrariety of opinion in the various courts, there being many authorities holding with the contention of petitioner. We are of the opinion, however, that these cases are not founded upon sound reasoning, and believe the weight of reason is with the line of authorities which hold that where a cause is reversed and remanded for new trial, and the indictment is not impaired by the judgment of reversal, the petitioner stands in the same position as though he had never been tried upon the indictment. (*State* v. *Gillis*, 73 S. C. 318, 53 S. E. 487, 5 L. R. A. 571, 114 Am. St. Rep. 95, 6 Am. & Eng. Ann. Cas. 993; *State* v. *McCord*, 8 Kan. 232, 12 Am. Rep. 469; *Veatch* v. *State*, 60 Ind. 291; *People* v. *Palmer*, 109 N. Y. 413, 17 N. E. 213, 4 Am. St. Rep. 477; *Commonwealth* v. *Arnold*, 83 Ky. 1, 4 Am. St. Rep. 114; *State* v. *Cross Roads Commissioners*, 3 Hill, 239; *People* v. *Carty*, 77 Cal. 213, 19 Pac. 490; *State* v. *Behimer*, 20 Ohio St. 575; *Briggs* v. *Commonwealth*, 82 Va. 554; *Chapman* v. *State*, 120 Ga. 855, 48 S. E. 350; *Ex*

*Parte Bradley*, 48 Ind. 548; *State* v. *Miller*, 35 Kan. 328, 10 Pac. 865; *Lesslie* v. *State*, 18 Ohio St. 390; *Jarvis* v. *State*, 19 Ohio St. 585; Wharton on Homicide, 834, 3d ed.; *State* v. *Bradley*, 67 Vt. 465, 32 Atl. 238; *State* v. *Kessler*, 15 Utah, 142, 49 Pac. 293, 62 Am. St. Rep. 911; *Trono* v. *United States*, 199 U. S. 521, 26 Sup. Ct. 121, 50 L. Ed. 292; *State* v. *McGee*, 55 S. C. 247, 33 S. E. 353, 74 Am. St. Rep. 741; *United States* v. *Harding*, Fed. Cas. No. 15,301, 1 Wall. Jr. 127.)

An examination of the authorities pro and con on this proposition will reveal the courts of those jurisdictions having a similar provision in their criminal procedure act to ours, which we here quote, holding with the opinion we entertain in this matter. "Sec. 427. A new trial is a reexamination of the issue in the same court before another jury, after a verdict has been given. It places the parties in the same condition as if no trial had been had. All the testimony must be produced anew, and the former verdict cannot be used or referred to either in evidence or in argument." (Comp. Laws, 4392.) The proposition under consideration, viewed in the light of this provision of our criminal practice act and the authorities cited, unquestionably sustains our opinion that where, on a trial on an indictment for murder, the defendant is found guilty of a lower degree of homicide, and appeals from the judgment rendered against him in the lower court, demanding a new trial, and a new trial is granted him because of a mistrial in the first instance, or for some irregularity or prejudicial error committed against him, the reversal and remanding of the cause for a new trial in legal effect operates to set aside all the results of the former trial and leaves the defendant in the same position as though he had never been tried. To hold otherwise, we believe, would be a grievous miscarriage of justice and the means of creating an unwarranted additional loophole in the procedure of our criminal law for the guilty to escape.

There are many cases where a cold-blooded murderer, through the eloquence of his attorney, or sympathy for his relatives or those dependent upon him, or where a majority of a jury, believing the defendant guilty of murder in the first degree, in order to appease some member of the jury, or for

other reasons, rather than to allow the accused to escape some punishment, or prevent a mistrial or total miscarriage of justice, agree to bring in a verdict of a lesser degree of homicide, when, as a matter of right and justice, the defendant, if he got his just deserts, should be hanged by the neck until he be dead. The people of the state, representing the victim of the accused, on a new taial, if they can prove a clear and conclusive case of murder in the first degree, ought to be entitled to exact the full penalty of the law with equally as good a right as the defendant has to receive only the punishment provided by law for the lesser degree of crime, and to hold otherwise, we believe, would be a travesty of justice. When a new trial is demanded by a defendant, and the cause reversed and remanded for a new trial, the verdict and proceedings had in the lower court are necessarily set aside, and, the verdict being entire and indivisible, nothing remains but the original indictment on which to proceed with the new trial, and the case is in the same position as it was at the starting of the former trial.

The Supreme Court of Ohio, in the case of *State* v. *Behimer*, in considering this proposition, said: "The effect of setting aside the verdict finding the defendant guilty was to leave at issue and undetermined the fact of the homicide; also the fact whether the defendant committed it, if one was committed. The legal presumption on this plea of not guilty was of his innocence, and the burden was on the state to prove every essential fact. The only effect, therefore, that could be given to so much of the verdict as acquitted the defendant of murder in the first degree, after the rest of it had been set aside, would be to regard it as finding the qualities of an act while the fact of the existence of the act was undetermined. This would be a verdict to the effect that, if the defendant committed the homicide, he did it without 'deliberate and premeditated malice.' There can be no legal determination of the character of the malice of a defendant, in respect to a homicide which he is not found to have committed, or rather, of which, under his plea, he is in law presumed to be innocent. The indictment was for a single homicide. The defendant could, therefore, only be guilty of

one offense, and could be subject to but one punishment. The degree of the offense differed only in the *quo animo* with which the act causing the homicide was committed. The question of fact was whether a criminal homicide had been committed, and, if so, whether the circumstances of aggravation were such as to raise it above the grade of manslaughter. If the finding as to the main fact be set aside, the finding as to the circumstances necessarily goes with it." (20 Ohio St. 572.)

Counsel for the petitioner in the present case, because of the fact that the petitioner was indicted for murder and convicted of involuntary manslaughter, contends that involuntary manslaughter, which does not contain all the elements of murder, acquits the defendant of murder in the first or second degrees and voluntary manslaughter, and is privileged to interpose a plea of former acquittal and of being once in jeopardy as to these crimes, and that on a retrial he cannot be tried for either murder or any other crime under the indictment. While we are duly impressed with the fact that involuntary manslaughter does not contain the same heinous ingredients necessary to make up the crime of murder in the first or second degree, or of voluntary manslaughter, yet we are clearly of the opinion that, it being an unlawful transgression of the law against homicide, it may properly be considered a lesser degree of homicide, and that a jury, under an indictment for murder, may properly return in proper cases a verdict of involuntary manslaughter. Being of the opinion, as above expressed, that where a defendant is indicted for murder, and upon his demand the cause reversed and remanded for a new trial, the accused must be tried under the original indictment as though he had never been tried before, if said indictment is not impaired by the judgment of the supreme court, and that involuntary manslaughter, being of the same species of crime, though of a much lesser degree of homicide than murder, we fail to see the merit of the contention of petitioner in his plea of former acquittal or of being once in jeopardy interposed to any greater offense under the indictment than that for which he was convicted.

We are not unmindful in so holding, nor do we any the less fail to recognize, the merit and sacredness of the great consti-

tutional right secured for us by the blood of our forefathers, now incorporated in the principle which has descended to us from Magna Charta, and now found imbedded in our Federal and State Constitutions, wherein it is guaranteed that "no person shall be subject to be twice put in jeopardy for the same offense (sec. 8, art. I, Const. Nev.), and the additional safeguard extended and thrown around this principle by our legislature that "no person shall be subject to a second prosecution for a public offense for which he has been prosecuted and duly convicted or acquitted" (Comp. Laws, 3996); but we are of the opinion, and we believe the law is well settled, that where a defendant is convicted, and he asks for a second trial to relieve himself of the jeopardy in which he finds himself by reason of the conviction and judgment, and his prayer is granted, he is estopped from asserting a formal acquittal on his second trial, and waives his constitutional right of pleading being once in jeopardy, or that this right has been in any way infringed, because by his own voluntary consent, act, and petition he has been relieved of the bar which prevents him from interposing this plea.

The Supreme Court of the United States, in the case of *Trono* v. *United States*, 199 U. S. 521, 26 Sup. Ct. 121, 50 L. Ed. 292, in a very able opinion by Justice Peckham, sustains the case of *People* v. *Palmer*, 109 N. Y. 413, 17 N. E. 213, 4 Am. St. Rep. 477, wherein the Supreme Court of New York held as constitutional sections in their criminal procedure act similar to section 4392 of our Compiled Laws, above referred to, saying:

"In the case of *People* v. *Palmer*, 109 N. Y. 413, 419, 17 N. E. 213, 4 Am. St. Rep. 477, the effect of the statute of New York, known as sections 464 and 544 of the code of criminal procedure, was under consideration. These sections enacted as follows:

" 'Sec. 464. The granting of a new trial places the parties in the same position as if no trial had been had. * * *'

" 'Sec. 544. When a new trial is ordered, it shall proceed in all respects as if no trial had been had.'

"The statute was held valid, and that it did not violate the constitutional provision against subjecting a person to be

twice put in jeopardy for the same offense, as the jeopardy was incurred with the consent of and as a privilege granted to the defendant upon his application. And generally it may be said that the cases holding that a new trial is not limited in the manner spoken of proceed upon the ground that in appealing from the judgment the accused necessarily appeals from the whole thereof, as well that which acquits as that which condemns; that the judgment is one entire thing, and that as he brings up the whole record for review he thereby waives the benefit of the provision in question, for the purpose of attempting to gain what he thinks is a greater benefit, viz., a review and reversal by the higher court of the judgment of conviction. Although the accused was, as is said, placed in jeopardy upon the first trial, in regard not only to the offense of which he was accused, but also in regard to the lesser grades of that offense, yet by his own act and consent, by appealing to the higher court to obtain a reversal of the judgment, he has thereby procured it to be set aside, and when so set aside and reversed, the judgment is held as though it had never been. This was in substance decided in *United States* v. *Harding* (tried in the United States Circuit Court in 1846), 1 Wall. Jr. 127, Fed. Cas. No. 15,301, before Mr. Justice Greer, then a member of this court, and this is the ground substantially upon which the decisions of the other courts are placed.    *   *   *"

In the Supreme Court of the United States, speaking through Peckham, J., in the same case, the opinion of this court is sustained in the view it takes of holding that where a defendant is found guilty of a lower degree of homicide than the highest degree charged in the indictment, and on his motion a new trial is granted, the effect of the new trial is to set aside the whole verdict upon the same issue as the first trial, and that in appealing the defendant waives his constitutional right to interpose the plea of having been once in jeopardy, in the following convincing language:

"*   *   *   In our opinion the better doctrine is that which does not limit the court or jury, upon a new trial, to a consideration of the question of guilt of the lower offense of which the accused was convicted on the first trial, but that the

reversal of the judgment of conviction opens up the whole controversy and acts upon the original judgment as if it had never been. The accused by his own action has obtained a reversal of the whole judgment, and we see no reason why he should not, upon a new trial, be proceeded against as if no trial had previously taken place. We do not agree to the view that the accused has the right to limit his waiver as to jeopardy when he appeals from a judgment against him. As the judgment stands before he appeals, it is a complete bar to any further prosecution for the offense set forth in the indictment, or of a lesser degree thereof. No power can wrest from him the right to so use that judgment; but, if he choses to appeal from it and ask for its reversal, he thereby waives, if successful, his right to avail himself of the former acquittal of the greater offense, contained in the judgment which he has himself procured to be reversed. It is urged, however, that he has no power to waive such a right, and the case of *Hopt* v. *Utah*, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262, is cited as authority for that view. We do not so regard it. This court held in that case that in the Territory of Utah the accused was bound, by provisions of the Utah statute, to be present at all times during the trial, and that it was not within the power of the accused or his counsel to dispense with such statutory requirement. But on an appeal from a judgment of this nature there must be a waiver to some extent on the part of the accused when he appeals from such judgment. When the first trial is entered upon he is then put in jeopardy within the meaning of the phrase, and yet it has been held, as late as *United States* v. *Ball*, 163 U. S. 662, 671, 16 Sup. Ct. 1192, 41 L. Ed. 300, and nobody now doubts it, that if the judgment of conviction be reversed upon his own appeal, he cannot avail himself of the once-in-jeopardy provision as a bar to a new trial of the offense of which he was convicted. And this is generally put upon the ground that by appeal he waives his right to the plea, and asks the court to award him a new trial, although its effect will be, if granted, that he will be again tried for the offense of which he has been once convicted. . This holding shows that there can be a waiver of the

defense by reason of the action of the accused.  As.there is, therefore, a waiver in any event, and the question is as to its extent (that is, how far the accused by his own action may be deemed to have waived his right), it seems much more rational and in better accord with the proper administration of the criminal law to hold that, by appealing, the accused waives the right to thereafter plead once in jeopardy, when he has obtained a reversal of the judgment, even as to that part of it which acquitted him of the higher while convicting him of the lower offense.   When at his own request he has obtained a new trial, he must take the burden with the benefit, and go back for a new trial of the whole case.   It does not appear to us to be a practice founded on solid reason to permit such a limited waiver by an accused party, while himself asking for a reversal of the judgment.   There is also the view to be taken that the constitutional provision was really never intended to, and, properly construed, does not, cover the case of a judgment under these circumstances, which has been annulled by the court at the request of the accused, and there is, therefore, no necessity of relying upon a waiver, because the correct construction of the provision does not make it applicable.   *   *   *"   (199 U. S. 521, 26 Sup. Ct. 121, 50 L. Ed. 292, 4 Am. & Eng. Ann. Cas. 776.)

We further cite *Waller* v. *State*, 104 Ga. 505, 30 S. E. 835; *Veatch* v. *State*, 60 Ind. 291; Cooley's Const. Lim. 5th ed. 401; *State* v. *Thompson*, 10 Mont. 557, 27 Pac. 349; *State* v. *Rover*, 10 Nev. 400, 21 Am. Rep. 745; *Bohanan* v. *State*, 18 Neb. 57, 24 N. W. 390, 53 Am. Rep. 791; *State* v. *Billings*, 140 Mo. 205, 41 S. W. 778; *State* v. *Faile*, 43 S. C. 57, 20 S. E. 788; *Commonwealth* v. *Murphy*, 174 Mass. 369, 54 N. E. 860, 48 L. R. A. 393, 75 Am. St. Rep. 353; 12 Cyc. 279.

For the reasons given, the application for a writ of prohibition restraining the respondent court from proceeding to try the petitioner upon the original indictment is denied.

It is so ordered.