THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SALVATORE CACCAMISE, Defendant.

County Court, Kings County, September 18, 1946.

*Alfred I. Rosner* for defendant.

*Miles McDonald, District Attorney* (*Solomon A. Klein* of counsel), for plaintiff.

SOBEL, J.  The defendant was indicted for the crime of grand larceny in the first degree committed by stealing in the nighttime from the person of a subway passenger.  The trial court charged both grand larceny on the theory that the theft was committed from the person and also petit larceny on the theory that the subject matter of the alleged larceny, a wallet, was on

the seat alongside the subway passenger. The defense contended that the defendant seeing the purse on the seat picked it up to examine its contents in order to ascertain the owner when he was apprehended.

The jury brought in a verdict of petit larceny apparently believing that the purse was on the seat but disbelieving the innocent motivation of the defendant.

The defendant then moved to set aside the verdict. The trial judge granted that motion.

The defendant now contends that he cannot be tried for grand larceny since the verdict was in effect an acquittal of that charge. It is also clear that the trial court believed that a verdict of petit larceny was not justified by the evidence since he set that verdict aside.

The defense of double jeopardy is without merit. Whatever may have been the law in this State prior to the adoption of the Code of Criminal Procedure (see *Guenther* v. *People,* 24 N. Y. 100, and *People* v. *Dowling,* 84 N. Y. 478), the code now expressly provides: "The granting of a new trial places the parties in the same position as if no trial had been had." (Code Crim. Pro., § 464.) The aforesaid section should be somewhat qualified to add "upon the defendant's motion". There may be circumstances where the granting of a new trial on the district attorney's or court's motion may constitute double jeopardy.

In commenting upon the change brought about in the law by the aforesaid section of the code, the court in *People* v. *Wheeler* (79 App. Div. 396, 401–402) said: "We believe the change wrought in the practice by the sections of the Code of Criminal Procedure is a salutary one. A defendant is accused of a grave crime and is convicted of a lesser offense, which finds no support in the evidence and lacks the constituent elements of the crime charged; he moves for a new trial, in effect saying to the court: ' I prefer a new trial on the indictment to submitting to this unjust verdict.' The court takes him at his word and sets aside the verdict and accords him the new trial. He makes his application voluntarily within the regulations governing the practice. It is neither reasonable nor logical upon granting his application to hold that the verdict is a nullity, but still retain in it sufficient vitality to acquit him of the offense of which he is accused in the indictment."

*People* v. *McGrath* (202 N. Y. 445) is in point. In that case the defendant was tried under an indictment charging him with murder in the first degree and was convicted of murder in the

second degree. It was held that the granting of defendant's motion to set the verdict aside did not preclude a new trial for the charge of murder in the first degree. In so holding, the court, per WILLARD BARTLETT, J., said (pp. 450–451): "Another suggestion is made, however, which it is necessary to notice. This is that upon an indictment for murder in the first degree, a conviction of murder in the second degree operates as an acquittal of murder in the first degree and the accused cannot again be put upon trial for the higher grade of homicide, when the original judgment is reversed or the verdict otherwise set aside at his instance. * * * That such is not now the rule in this state was declared by this court to be the effect of sections 464 and 544 of the Code of Criminal Procedure in *People v. Palmer* (109 N. Y. 413) * * *. In the *Palmer* case it was distinctly decided that, under the sections cited, where a defendant has been convicted of a lower degree of the crime charged in the indictment and upon his own application a new trial is ordered, the case stands as if there had been no trial at all and the defendant must be tried under the indictment as it is and not simply for the grade of crime of which he was previously convicted."

I have examined the trial minutes in this case. The defendant had never been charged or convicted of any crime. He was on a train going in the direction of his own home. We must assume that the jury did not believe that the wallet was taken from the person of the complainant. The complainant himself was asleep. The witness was in another train looking through the window of the subway car. The court in setting aside the verdict in effect held that the verdict was inconsistent with the evidence — the jury could not believe that the defendant found the wallet in the seat and at the same time disbelieve his contention that he was examining it to ascertain the name of the owner.

Under these circumstances, I am dismissing the indictment on the court's own motion in furtherance of justice. (Code Crim. Pro., § 671.)