Chief Judge Conway.
In May of 1953 an indictment was returned against the defendant Ercole which contained four counts of larceny, the first for first degree grand larceny, and the remaining three for petit larceny. This indictment, drawn pursuant to section 276 of the Code of Criminal Procedure, is commonly known as a “long form” indictment. At the trial, after a jury had been sworn and some preliminary testimony given, the People sought to introduce evidence that the defendant accomplished the larcenies by means of false pretenses. The court sustained the defendant’s objection to this evidence on the ground that it was inadmissible under the indictment which failed to meet the requirements of subdivision 1 of section 1290-a of the Penal Law which provides, in part: “ If, however, the defendant made use of any false or fraudulent representations or pretense in the course of accomplishing, or in aid of, or in facilitating the theft, evidence thereof may not be received at the trial unless the indictment or information alleges such representations or pretense * * To meet the situation, the People moved under section 295-j of the Code of Criminal Procedure to amend the indictment by adding four more counts, each new count corresponding to each of the original counts except that the new counts contained an added allegation that the larceny was committed by the use of false pretense. This motion was granted over the defendant’s objection, and the People proceeded with their proof of larceny by false pretense. The case was submitted to the jury on only the amended fifth count which charged first degree grand larceny accomplished by false pretense, and the jury brought in a verdict of guilty. The first four counts had been withdrawn at the close of the People’s case, and the sixth, seventh, and eighth counts were withdrawn at the end of the whole case. The defendant appealed his conviction and obtained a reversal and dismissal of the indictment. This court, in People v. Ercole (308 N. Y. 425), held that section 295-j was intended to apply only to the amendment of “ simplified ” indictments. Thereafter, the Grand Jury returned the instant indictment which relates to the same offense charged by the fifth count of the former amended indictment. The defendant moved for dismissal of the indictment on the ground that it placed him twice in jeopardy for the same offense (N. Y. Const., art. I, § 6; Code Grim. Pro., *620 § 9). The motion was granted and the defendant’s position was sustained by the Appellate Division, though by a closely divided court.
There is only one crime of larceny now in this State (Penal-Law, § 1290; People v. Lobel, 298 N. Y. 243). The defendant argues, therefore, that he was in legal jeopardy of a larceny conviction under the original unamended indictment, that the error of the Trial Judge could not nullify that jeopardy, and that he may not now be tried for the same larceny on the theory that it was accomplished by false pretense. We are unable to accept this contention.
It is well-settled law in this State that when a defendant procures a revérsal of his conviction and sentence for legal error at trial, he may not plead the former proceedings in bar to a second trial for the same offense. Upon reversal, the -defendant is deemed to be in precisely the same position as though there had been no trial (People ex rel. Sloane v. Lawes, 255 N. Y. 112, 117; People v. McGrath, 202 N. Y. 445, 451; People v. Palmer, 109 N. Y. 413, 418-419). As this court stated in the Palmer case: 11 * * * [i]f reversal of the judgment of conviction follows, that judgment, as well as the record of the former trial, have been annulled and expunged by the judgment of the appellate court, and they are as though they never had been; while the indictment is left to stand as to: the crime, of which the prisoner had been charged and convicted, as though there had-been no trial ” (pp. 419-420; emphasis added). So thoroughly does a reversal operate to vitiate the former proceedings that the defendant may be tried upon a superseding indictment which contains a count not included in the first indictment (People v. Cocco, 3 N Y 2d 716), and he may be retried upon the original indictment even as to those higher degrees of crime of which he had been acquitted by the jury at the first trial (People v. McGrath, supra; People v. Palmer, supra; People v. Caccamise, 187 Misc. 705, 706). More particularly apropos of the case at bar, new trials- have been ordered following reversals of convictions based on indictments illegally amended during the course of trial. (See People v. Bromwich, 200 N. Y. 385, affg. 135 App. Div. 67; People v. Geyer, 196 N. Y. 364; People v. Poucher, 30 Hun 576, appeal dismissed 99 N. Y. *621 610.) The ground upon which the reversal is placed is not material (15 Am. Jur., Criminal Law, § 427, p. 91).
Whether, as the People sug’gest, the defendant was not in legal jeopardy under the original indictment because of a variance in proof is unnecessary to consider. Taking the defendant’s premise that he was in legal jeopardy in the preamendment stage of his former trial, we note that in almost every case where a reversal is followed by a second trial the defendant had previously been exposed to valid indictment and trial. But this is not former jeopardy in the eyes of the law. An appeal in a criminal case is a matter of statutory favor (People ex rel. Commissioners of Public Charities & Correction v. Cullen, 151 N. Y. 54, 56; People v. Trezza, 128 N. Y. 529, 532). When a defendant accepts it for the purpose of vacating his conviction, he is deemed to ask for a just re-examination of the question of his guilt (People v. Palmer, supra, pp. 418-420).
The defendant relies upon several cases which are inapposite, viz., People ex rel. Blue v. Kearney (292 N. Y. 679); People ex rel. Meyer v. Warden (269 N. Y. 426); People ex rel. Stabile v. Warden (202 N. Y. 138); People v. Goldfarb (152 App. Div. 870, affd. 213 N. Y. 664). The Stabile, Blue, and Goldfarb cases deal only with the familiar rule barring a second trial where the accused had already been placed in jeopardy at a former trial which had been unlawfully terminated during its course without the defendant’s consent. The Meyer case presented an unusual but similar situation in which the trial of the defendant commenced on a Saturday and was concluded on a Sunday. The defendant was released on a writ of habeas corpus, whereupon he was charged again with the same offense. He sued out another writ which this court sustained since the defendant had been in legal jeopardy prior to the termination of the former trial by operation of law which rendered void the balance of the trial, verdict and judgment on Sunday.
The defense of former jeopardy is designed to protect the citizen from vexations and successive prosecutions for the same offense. When it is asserted, this danger must form its foundation if it is to be sustained. Its application should not defeat the accomplishment of justice. Once again, because of statutory favor, he is presumed innocent as he faces Ms accusers *622 anew. Appeals are designed for the correction of errors, not the avoidance of responsibility for answering a criminal accusation. Tested by these principles, as well as the precedents considered above, this indictment must be sustained.
The order of the Appellate Division and that of the Trial Term should be reversed and the indictment reinstated.
Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Order reversed, etc.