## PEOPLE v. O'HARA.

*(Supreme Court, General Term, First Department. January 28, 1889.)*

ROBBERY—ATTEMPT TO COMMIT—EVIDENCE.

    In a prosecution for attempted robbery, the evidence for the state was that the complaining witness had been knocked down either by defendant or by two other men who were with defendant, and that, while on the ground, one of the men present attempted to put his hand into the complainant's pocket. A witness for defendant testified that he saw complainant knocked down, but did not see anybody stand over him when he was down. *Held,* that a verdict of guilty of the offense charged was justified.

Appeal from court of general sessions, New York county.

Prosecution of Eugene O'Hara for an attempt to commit robbery. There was a conviction, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Frank J. Keller,* for appellant. *John R. Fellows,* Dist. Atty., and *McKenzie Semple,* for the People.

MACOMBER, J. The question presented by the testimony was whether the defendant, who was jointly indicted with two others, attempted to rob one Michael Rooney, or whether it was a street brawl only, participated in by the three persons indicted, on the one side, and Michael Rooney and a woman on the other. Rooney, being accompanied by a young woman, whom he had known in Ireland, was, according to his own story, assaulted in the street, and both he and his companion were knocked down, either by this defendant or by his comrades. While upon the ground, one of the men present attempted to put his hand into the complainant's pocket, while he was being held by the man who had just felled him. Rooney had in his pocket at the time cash amounting to £13 sterling. The money was not lost or taken away, for the police interfered and arrested all the parties. The evidence of Officer Henry Grieg, of the Twenty-Ninth precinct, corroborates positively the testimony of Rooney, and of Annie Smith, his companion, as to the assault and to the cry of "Police! Thieves! Robbers!" and the like. The witness for the defendant,

John McGrath, one of the party, saw the man knocked down, but did not see anybody strike the woman, and he says that he did not see anybody stand over the man when he was down. He also adds that he did not see whether they went near the man after that or not. This evidence was submitted to the jury in an impartial charge of the judge, and under it, in our judgment, the jury was fully justified in the verdict which was rendered. There were no exceptions to the rulings of the judge during the trial, or to any part of the charge to the jury. The judgment of conviction is affirmed. All concur.