THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* JAMES KENNEDY AND THOMAS BOWES, APPELLANTS.

*Instruction to the jury in a criminal case in the absence of the defendant's counsel — conviction of larceny under an indictment charging robbery — intimidation of the jury.*

In a criminal action the counsel for the defendants, after the case had been submitted to the jury, but before they had agreed upon their verdict, stated to the court that he was about to go to his home, some nine miles distant from the court-house, and not to return until the next morning, asking that he might then be heard upon any motion that he might make. The presiding judge stated that the court would attend at the court-house during the evening to receive the verdict and answer the jury, and that if the jury should agree all that would be done would be to receive their verdict that evening, and that counsel could make any motion he desired in the morning.

Subsequent to the departure of the defendants' counsel the jury came into court and asked for instructions, which were given by the court, to which, by its direction, exceptions were entered in favor of the defendants, the defendants being present in person, but their counsel being absent.

*Held,* that the action of the court was not in violation of section 427 of the Code of Criminal Procedure, providing that the jury can be given further instructions, only "after notice to the district attorney and to the counsel for the defendant." That in this case the counsel for the defendants had all the notice that he or the defendants were entitled to under the circumstances.

A verdict of grand larceny in the first degree is properly rendered under an indictment charging the prisoner with robbery in the second degree, as there can be no robbery without larceny.

· The remark of one of the jurors at the time, when the jury came into court asking for further instructions in a criminal case, that "There is eight of us standing for conviction," cannot be construed to have constrained the jury to an agreement, as subsequently shown by their verdict against the prisoners, through fear of public opinion, and to have thus deprived the prisoners of their legal right to the unrestrained deliberation of all the jurors.

APPEAL by the defendants from a judgment of conviction of the crime of grand larceny in the first degree, after a trial at a Court of Sessions, held at the city of Albany on the 28th day of February, 1890.

*P. D. Niver,* for the appellants.

*Andrew Hamilton,* for the respondent.

LANDON, J. The case was given to the jury about four o'clock in the afternoon. A little later they came into court and said they could not agree. The court asked if they wanted any further instructions. One of the jurors then said : "There is eight of us stands for conviction " — and was apparently about to speak further when he was stopped by the court. The jury did not ask for instructions and, upon the direction of the court, retired to consider further of their verdict. The defendants were indicted for robbery in the second degree. The jury subsequently found them guilty of grand larceny in the first degree. Counsel for the defendants urges that the remark of the juror in open court may have in some way constrained some of the jurors to an agreement through fear of public opinion, and thus deprived the defendants of their legal right to the unconstrained deliberation of all the jurors. This is too conjectural, and too lightly supported by probabilities to justify a disturbance of the verdict.

Before the jury had agreed upon their verdict, and about the hour of the evening recess, the counsel for the defendants stated to

the court that he was about going to his home in Cohoes — about nine miles distant from the court-house — and would not return again until the next morning, and asked if he might then be heard upon any motion he might make. Thereupon the presiding judge stated to him that the court would attend at the court-house during the evening to receive the verdict and answer the jury, and that if the jury should agree, all that would be done would be to receive their verdict that evening, and that counsel could make any motion he desired in the morning. The jury came into court about nine in the evening and asked instructions; the defendants were present in court, but their counsel was absent. After waiting some time, and it appearing that counsel had left for his home, the court gave the jury instructions upon the points submitted by them, the court directing that exceptions be entered in behalf of the defendants to such instructions. Defendants' counsel now urges that it was error for the court to give instructions to the jury in his absence. Section 427, Code of Criminal Procedure, provides that the jury can be further instructed only " after notice to the district attorney and to the counsel for the defendant." We think the counsel for the defendants had all the notice that he or the defendants were entitled to under the circumstances. He had had express notice that the court would attend during the evening to answer the jury, but he deliberately absented himself. The section of the Code must have a reasonable construction, and it would be unreasonable to confer upon counsel the power to deprive the court of the right to instruct the jury, and to deprive the jury and the defendants of the benefit of such instructions and to obstruct the administration of justice by his deliberate absence after such a notice as was here given. It has been held a sufficient notice, under a like statute, to call the counsel at the court-house door. (*McNeill* v. *State*, 47 Ala., 498.) The defendants' counsel had notice, and thus the case of *People* v. *Cassiano* (30 Hun, 388) does not apply.

The indictment was for robbery, second degree, and the verdict was grand larceny, first degree. There can be no robbery without larceny, and hence the accusation of robbery includes that of larceny, the greater including the less.

The facts charged in the indictment in support of the accusation supported both the accusation of robbery in the second degree and

grand larceny in the first degree. The verdict was, therefore, in accordance with the indictment and for the minor offense, which the greater includes. (Code of Crim. Pro., § 445.)

Judgment of conviction and sentence affirmed.

LEARNED, P. J., and MAYHAM J., concurred.

Judgment of conviction affirmed.