### PEOPLE v. BLAKEMAN.

#### (Court of General Sessions, New York County. June, 1895.)

CRIMINAL LAW—CONVICTION OF LESSER DEGREE THAN SHOWN BY EVIDENCE.

Under the provision of the Code of Criminal Procedure that a jury may find defendant guilty of a lesser degree than charged, they cannot find him guilty of a lesser degree than shown by the evidence; and the evidence of the prosecution showing robbery in the first degree, if anything, and the defense being an alibi, a conviction of attempted robbery in the third de-gree cannot stand.

William R. Blakeman, John McKenna, and William Mack were indicted for robbery in the first degree, in robbing John McGinn of a silver watch. Blakeman was tried separately, and the jury returned a verdict of attempted robbery in the third degree. Mc-Ginn, the complainant, testified, in substance, that Blakeman and McKenna held his arms while Mack stole his watch, and then the three men ran away, but were pursued and captured. Coun-sel for defendant moved for a new trial, on all of the statutory grounds,—especially on the ground that the verdict was contrary to the evidence and to the weight of the evidence, and that the evi-dence established against Blakeman, if it established anything, the commission of the crime of robbery in the first degree, or no crime whatever. Granted.

Robert Townsend, Asst. Dist. Atty., for the People.
William J. A. Caffrey, for defendant.

GOFF, R. In reference to your contention, Mr. Caffrey, that the verdict is against the evidence, and inconsistent with the evidence, I desire to say that it is true that the law provides that a jury may find a defendant guilty of a lesser degree of crime than that charged in the indictment. But that provision of the Code of Criminal Pro-cedure does not, in my opinion, curtail the rule of common law, or in any way interfere with its operation, that, if a defendant be found guilty, he should be found guilty in accordance with the evidence in-troduced. This defendant was indicted for robbery in the first degree. The jury must have believed the evidence introduced to

substantiate that crime, or they could not have convicted him of any degree of crime. The evidence was, substantially, that the defendant seized hold of the complainant, and held him, while Mack stole the complainant's watch. In rendering a verdict of guilty of any degree of crime, the jury must have believed the evidence of the complaining witness as to the robbery. The defense interposed is that of an alibi. The defendant testified in his own behalf, and McKenna, one of his codefendants, also testified in support of the alibi. The testimony of the defendant and his codefendant was that the defendant was in a liquor saloon, some blocks away, when the robbery was committed. If the jury believe their testimony, it was their duty to acquit the defendant. If, on the other hand, the jury disbelieved their testimony, and believed the testimony for the people, it was equally their duty to convict the defendant, and to convict him of robbery in the first degree, and of no lesser degree of crime whatever. I do not consider it within the duty of a juror to swerve one iota from what he considers his just verdict. This matter of jurors feeling around, as it were, for common ground upon which to come to an agreement, practically takes from the court the power of imposing the penalty prescribed by law. It is an arrogating to themselves, by jurors, of the right to fix and impose sentences. That is the only logical deduction that can be drawn from it. Jurors retire to their room, and, if they do not bring in a verdict, when they believe that a defendant is guilty, on the evidence, and according to the crime charged in the indictment, they sometimes set to work to see if they cannot come to an agreement by agreeing upon a conviction of a lesser degree of crime. This means that some jurors who stand up against a verdict of guilty of the crime charged, in accordance with the evidence, are willing to bring in a verdict of a lesser degree of crime, so that the defendant may not receive the severe punishment which would be meted out to him if he were found guilty of the higher degree of crime charged. I have repeatedly and explicitly told juries that it is their duty to find a verdict upon the evidence, and that they are not to concern themselves at all as to the disposition of the defendant by the court, of the consequences that may follow their verdict. In this case, in my opinion, the verdict against the defendant cannot be supported in reason. There may be warrant for it in the letter of the law, but my opinion is that the spirit of the law is that a verdict must be in accordance with the evidence; and, if the evidence established against the defendant the commission of any crime whatever, it justified his conviction of robbery in the first degree, and of nothing else. I cannot understand by what rule of reason or of logic this jury could have come to this verdict. There is but one conclusion that I can draw from it, and that is that they filed the charge down by degrees,—robbery in the first degree, robbery in the second degree;—and then, passing by an attempt to commit robbery in the first degree, and an attempt to commit robbery in the second degree, they reached robbery in the third degree; and then, applying the file again, they came to an attempt to commit robbery in the third degree, the very lowest grade of crime of which it was possible to convict this defendant

under this indictment. So, the jury passed through three gradations of crime to reach their verdict, which was evidently a compromise verdict. Some of the jurors may have felt it to be their duty to find the defendant, on the evidence, guilty of robbery in the first degree, while other jurors must have found it in their consciences not to find him guilty of any crime whatever; and, as a sort of compromise, they constructed this verdict, which has no foundation in the evidence in this case. The defendant was either at the scene of the robbery, or he was not there. If the jury believe that he was there, then it was their duty to convict him of robbery in the first degree. If they believed that he was not there, it was their duty to promptly acquit him. Therefore, because this verdict is against the law, against the evidence, and against reason, I set it aside, Mr. Caffrey, and grant the defendant a new trial.