(13 Misc. Rep. 582.)

PEOPLE v. CONNORS et al.

(Court of Sessions, New York County.  July, 1895.)

INDICTMENT AND INFORMATION — CONVICTION OF OTHER OFFENSE THAN CHARGED.

Code Cr. Proc. § 444, provides that, on an indictment for a crime "consisting of different degrees," the jury may find defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the crime.  Section 445 provides "in all other cases" defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged.  *Held*, on an indictment for murder, that defendant could not be convicted of an assault.

Nathan Connors and others were indicted for murder.  Verdict, "Not guilty."

John R. Fellows, Dist. Atty., and Francis V. S. Oliver, Asst. Dist. Atty., for the People.
Frederick B. House and Abraham Levy, for defendants.

GOFF, Recorder (orally).  Gentlemen of the Jury: Counsel for the defense and the people have unthinkingly anticipated a condition of the case that has not arisen.    There is no such question before the court, though I have been enlightened by argument on both sides. The real question here presented is whether or no there is sufficient testimony in this case to go before the jury upon the point of issue raised by the district attorney, to wit, the crime of manslaughter in

the second degree; and that is the question that I have to determine, and that is the only issue that has been presented to this jury, and that is the only issue upon which testimony has been taken. That was the challenge of the prosecution, and the defense accepted that challenge, and upon the issue growing out of that challenge all the testimony that has been taken has been submitted. Now, what does the defense do, the prosecution having closed its case?

Mr. House: We ask your honor to advise the jury to acquit, upon the ground that there is no evidence here to show that these defendants, or any of them, have committed the crime of manslaughter in the second degree.

The Court: What does the district attorney say to that motion?

Mr. Oliver: If the court pleases, the district attorney says, in answer to that, that he agrees with counsel for the defense that there is not sufficient evidence to go to the jury on the crime of manslaughter in the second degree, but that there is sufficient evidence—

The Court: No; that will do. Gentlemen of the jury, upon the motion made by the defendant, and uncontested by the prosecution, but conceded by the prosecution, that there is no testimony before you to warrant the submission to you of the question of the guilt or innocence of these defendants of the crime of manslaughter in the second degree, I decide that that motion must be granted, because there is no sufficient testimony before you to warrant the submission to you of the question of the guilt or innocence of the defendants of the crime of manslaughter in the second degree. What does the district attorney do? Is there any reason why these defendants should not be discharged?

Mr. Oliver: The district attorney maintains now, as before, that, although the court has ruled that there is no evidence upon which the charge of manslaughter in the second degree might be considered by the jury, still the people have proof that an assault has been committed upon this man; and on the evidence before the jury now of that assault the district attorney maintains that the jury ought to be allowed and directed to take into consideration such testimony, as to whether an assault has been committed or not.

The Court: What has the defense to say to the motion, without argument pro forma?

Mr. Levy: I ask that the verdict be first rendered acquitting the defendants, and then I say that the lesser crime is merged in the greater; and, by the acquittal of the defendants of manslaughter in the second degree, I contend that the entire matter is disposed of.

The Court: Now, I will decide the motion made by the district attorney. Gentlemen, as far as I am informed by the very interesting argument of counsel on either side, there has been no authority cited directly in point which I could follow as a precedent in this state; and I am therefore compelled to decide the question upon principle, as derived from the language of the statute. Section 278 of the Criminal Code provides: "The indictment must charge but one crime and in one form, except as in the next section provided." This indictment charged but one crime, and that is murder in the first degree; and it sets forth that by certain means the death of the de-

ceased was accomplished, and that of the wounds and injuries which he received he died. Section 279, referred to in section 278, provides: "The crime may be charged in separate counts to have been committed in a different manner, or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts." There is but one charge in this indictment, and that charges the crime to have been committed in but one way, and that is by violence; that death was accomplished by violence; and therefore the indictment does not come under section 279. Therefore we have to treat the indictment as being found exclusively under the terms of section 278, which provides: "The indictment must charge but one crime and in one form, except as in the next section provided." So we have to treat the indictment in that way under that section.

I consider that one object, if not the principal object, of the criminal laws of this state was to reach definitiveness and certainty of procedure, and to abolish, as far as possible, the somewhat cumbersome forms of procedure that had grown up under the common law; and I take it, therefore, that section 278 was meant directly to accomplish that object; that is, that the indictment should charge but one crime, and in but one form; and the purpose of that, as may be appreciated by all students of criminal law and its history, was to protect defendants from being brought into court upon one indictment, and, practically speaking, being tried upon another; the purpose being to apprise the defendant of the crime charged against him, to give him an opportunity to prepare his defense to meet that crime, and no other; and that the old custom, which had brought with it, in many cases, so much injustice, where the defendant may have been brought into court under one indictment, and, practically speaking, convicted of a crime not mentioned or embraced in that indictment, should be abolished. Therefore, I take that principle as the guiding principle for me in deciding this motion. There is but one crime charged, and these defendants were called upon to meet but one accusation, to wit, the murder of the deceased person. It is true that section 444 provides: "Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime." You must mark the language of that section, "consisting of different degrees." A jury may find the defendant guilty of a lesser degree of which that crime consists. Section 445 provides: "In all other cases, the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment." Now, the language of this section, "in all other cases," must necessarily exclude cases where the crime consists of different degrees. They are excepted by the language of section 445; because, if they were not excepted, the language "other" would not be used. In other cases, where crimes do not consist of different degrees, and where the act charged is necessarily included in that which is charged in the indictment, the defendant may be found guilty of any crime embraced in that indictment.

Does murder consist of different degrees? If it does consist of different degrees, it is necessarily excluded from the operation of section 445. Homicide, of course, is murder, and it includes all the degrees of murder. Homicide is defined as the killing of one human being by the act, procurement, or omission of another. Murder cannot exist without being homicide, because its definition is the killing of one human being by another. Section 180, Pen. Code, defines homicide as either—First, murder; second, manslaughter; third, excusable homicide; and, fourth, justifiable homicide. There are four primary degrees embraced in the definition of homicide,—murder, manslaughter, and excusable or justifiable homicide. Other sections subdivide murder into the first and second degrees of murder, and those degrees must be included in the degree of murder. Other sections subdivide manslaughter into two degrees,—manslaughter in the first degree and manslaughter in the second degree; and those degrees must be included in the degree of manslaughter. Therefore the two subdivisions of murder must be embraced in the degree of murder, and the two subdivisions of manslaughter must be embraced and included in the degree of manslaughter; and, murder and manslaughter being degrees of homicide, I rule that they are but degrees of one crime. I therefore, upon principle, and without the light of precedent in point, or without controlling authority, decide that this indictment being for a crime, to wit, the crime of murder, and that crime consisting of several degrees, to wit, the crime of murder in the first degree, the crime of murder in the second degree, the crime of manslaughter in the first degree, and the crime of manslaughter in the second degree, the proof is confined to evidence embracing any of those minor degrees; and that, there being no evidence before this jury to sustain a judgment of conviction for any of these degrees of homicide, no other crime can be submitted for the consideration of this jury; and I advise this jury to acquit these defendants of the crime charged in this indictment, and of its constituent degrees.

Verdict, "Not guilty."