(34 Misc. Rep. 256.)

PEOPLE v. SHIELDS.

(Supreme Court, Special Term, New York County. March, 1901.)

CRIMINAL LAW—NEW TRIAL—TWICE IN JEOPARDY.
    Where, after conviction, a motion for new trial and in arrest of judgment is denied, and thereafter the court, with the defendant's assent, grants a new trial, without any statement that it is because of the insufficiency of the evidence, defendant, on application for a certificate of reasonable doubt, cannot claim that he should be discharged because a second trial would put him twice in jeopardy for the same offense.

Charles J. Shields was convicted of larceny, and applies for a certificate of reasonable doubt. Denied.

Lewis Stuyvesant Chanler, for plaintiff.
Asa Bird Gardiner, for defendant.

BLANCHARD, J. This is an application for a certificate of reasonable doubt and a stay of proceedings pending an appeal to the appellate division of the supreme court from a judgment of the court of general sessions granting a new trial to defendant. It appears that on November 28, 1900, the defendant was tried and convicted of larceny in the second degree. After the verdict of the jury was rendered, finding defendant guilty, the defendant moved for a new trial and in arrest of judgment. Both of these motions were at that time

denied by the trial judge, and the prisoner remanded for sentence. On December 12, 1900, when the prisoner finally was called to the bar for sentence, the court announced that, having examined the stenographer's minutes, it had decided to order a new trial. Attorney for defendant then stated that, inasmuch as his previous motions had been denied, the defendant should be discharged, as the facts proven on the trial could not result in conviction. This the court refused to do, and held the defendant for trial. It is now claimed by defendant that the facts established on the trial entitled him to a direction by the court of an acquittal, and that, if he should be subjected to another trial, it would be twice placing him in jeopardy for the same offense, contrary to the provisions of the state and federal constitutions, and of section 9 of the Code of Criminal Procedure. It is to be observed that the verdict of the jury was against the defendant, and, while the motion for a new trial was denied by the trial judge at the close of the trial, his subsequent action in granting the motion was but a reconsideration of his former denial of defendant's motion, and defendant cannot be heard to complain of the action of the court in his favor. Had the decision of the trial judge denying defendant's motion remained the decision of the court, and had defendant appealed therefrom, the appellate court would have had the power to order a new trial upon the reversal of the judgment of the trial court (Code Cr. Proc. § 543; People v. Palmer, 109 N. Y. 413, 419, 17 N. E. 213); and the power of the trial judge to order the new trial upon the defendant's application is unquestionable (Code Cr. Proc. § 465). The action of the trial judge must be considered as having been made on defendant's application. So far as the record before me shows, defendant did not object to the statement of the court that it had reconsidered the matter upon the stenographer's minutes and had decided to order a new trial, but urged that the court should have gone further and discharged the defendant. He did not refuse to avail himself of that portion of the court's direction which proved beneficial to him, to wit, the ordering of a new trial, but expressly ratifies this, and claims he should be discharged upon the assumption that the court's decision ordering a new trial was because of the insufficiency of the evidence to warrant a conviction. There is, however, nothing in the record before me to show that such was the case. The decision of the trial judge in ordering a new trial might have been prompted by an error in the admission or exclusion of evidence, for aught that appears here, and it certainly does not appear that a conviction upon a new trial cannot be obtained. The defendant cannot now be heard to say that the setting aside of the verdict of the jury and the ordering of a new trial were not upon his consent. Under such circumstances, he cannot be said to be twice placed in jeopardy. People v. Palmer, 109 N. Y. 413, 420, 17 N. E. 213. But, assuming that the defendant's assumption that the decision of the trial judge in setting aside the verdict of conviction was prompted because of the insufficiency of the evidence to warrant that verdict, still it does not follow that the defendant should have been discharged. In the case of People v. Ledwon, 153 N. Y. 10, 23, 46 N. E. 1046, Judge O'Brien says:

"The defendants were, under the plain provisions of the statute, entitled to have the jury directed by the court to acquit. The request was made in substance, and the refusal of the court to grant it was error. The judgment of conviction should be reversed, and a new trial granted."

It will be observed that even in that case the court, while holding that the defendants were entitled to a direction of acquittal, yet ordered a new trial upon reversing the judgment of conviction. Entertaining these views, I must refuse the certificate of reasonable doubt, especially where, as here, any rights which defendant may have can be taken advantage of by him by a plea of former jeopardy (Code Cr. Proc. § 322) when called upon to stand trial again, should the district attorney deem it advisable to again place defendant on trial.

Application denied.