## Supreme Court—Appellate Division—Fourth Department.

January, 1903.

### THE PEOPLE v. EMMETT WHEELER.

(79 App. Div. 396.)

1. HOMICIDE—CONVICTION FOR ASSAULT NOT JUSTIFIED.

   An indictment for homicide in any degree does not justify a conviction for the crime of assault where the act complained of causes death.

2. SAME—CODE CRIM. PROC., SEC. 444.

   The amendment to section 444 of the Code of Criminal Procedure permitting the jury to convict of the crime of assault upon a trial for murder or manslaughter is only applicable when "the act complained of is not proven to be the cause of death."

3. SAME—NEW TRIAL—N. Y. CONSTITUTION, ART. 1, SEC. 6—TWICE IN JEOPARDY.

   The defendant, who claims he has been improperly convicted, applies to the court for relief from the burden, and by this act waives the constitutional inhibition of article 1, section 6, of the N. Y. Constitution, and elects, if successful, to face his peers again upon a retrial of the indictment, which is the only pleading charging him with any offense.

4. SAME—APPEAL FROM DENIAL OF MOTION FOR NEW TRIAL.

   Where, upon the trial of an indictment for manslaughter, the evidence was that the act complained of caused death, and the court over the exception of defendant's counsel erroneously instructed the jury that they might find the defendant guilty of assault, the conviction of defendant of assault in second degree did not impliedly acquit him of the graver crime of manslaughter, and defendant hav-

ing appealed from the denial of his motion for a new trial it is
on said appeal for him to maintain that he did not desire the new
trial as that would place him twice in jeopardy.

APPEAL by the defendant, Emmett Wheeler, from a judg-
ment of the County Court of Cattaraugus county in favor of
the plaintiff, entered in the office of the clerk of the county of
Cattaraugus on the 14th day of April, 1902, upon the verdict
of a jury convicting the defendant of assault in the second de-
gree, and adjudging that he pay a fine of $600 or stand com-
mitted until paid.

W. G. Laidlaw, for the appellant.

George W. Cole, for the respondent.

SPRING, J.:   The defendant was indicted for manslaughter
in the first degree in causing the death of one George Sharp by
shooting him with a revolver.   In his main charge the learned
county judge instructed the jury that the proof did not war-
rant a conviction for the crime charged in the indictment, but
submitted the question of fact for them to determine whether
the defendant was guilty of the crime of manslaughter in the
second degree on the ground that he was chargeable with cul-
pable negligence in handling his revolver in "wanton disre-
gard of the consequences."   (Penal Code, sec. 193, subd. 3.)
    After the jury had deliberated for a time they returned, ask-
ing the court if they were permitted to find the defendant
guilty of a lesser crime than manslaughter in the second de-
gree, and were thereupon instructed by the trial judge that
they might find the defendant guilty of either of the two lesser
degrees of assault, to which instruction the defendant's counsel
excepted.   The jury found the defendant guilty of assault in
the second degree.   A motion for a new trial was made in his
behalf, which was denied, and the defendant was sentenced to
pay a fine of $600.

We regard it as settled by the courts of this State that an indictment for homicide in any degree does not justify a conviction for the crime of assault, where the act complained of causes death, as the elements composing the crimes are not identical. (People v. McDonald, 159 N. Y. 314; People v. De Garmo, 73 App. Div. 46, 54.) The amendment to section 444 of the Code of Criminal Procedure (Laws of 1900, chap. 625), permitting the jury to convict of the crime of assault upon a trial for murder or manslaughter, is only applicable when "the act complained of is not proven to be the cause of death," and in this case the evidence undisputably shows that Sharp met his death from the revolver in the hands of Wheeler, and that is "the act complained of." (People v. De Garmo, supra.)

The more serious problem arises over the contention of the learned counsel for the appellant that the conviction of the defendant for the lesser offense impliedly acquitted him of the graver crime, and consequently no new trial may be directed, for that would put him in jeopardy twice on the same indictment, in violation of article 1, section 6, of the State Constitution, which reads: "No person shall be subject to be twice put in jeopardy for the same offense." It is obvious that a strictly literal interpretation of this provision is not to be given in every case, for that would prevent any retrial of an indictment where the trial court has committed an error in the reception or exclusion of evidence to the prejudice of the defendant, or in the event of the disagreement of the jury. It has always been the law that a new trial may be ordered for errors prejudicial to the defendant, and even where the evidence was insufficient to uphold the conviction, as in People v. Ledwon (153 N. Y. 10). The defendant, who claims he has been improperly convicted, applies to the court for relief from the burden, and by this act waives the constitutional inhibition quoted and elects, if successful, to face his peers again on a retrial upon the indictment, which is the only pleading charging him with

any offense. A defendant in a criminal case may waive a provision for his benefit, even though it be a constitutional provision. (Pierson v. People, 79 N. Y. 424, 429.)

In principle the defendant in this case is in that position. He is dissatisfied with his conviction. Whether accomplished by reason of the erroneous rulings of the court or an improper verdict of the jury is not significant, for by the mode of procedure regulating the review of criminal cases he is endeavoring to have the wrong righted, the errors remedied. By analogy this implies he is seeking a new trial, for that is the usual result of a successful appeal from a judgment of conviction.

Until the adoption of the Code of Criminal Procedure there was considerable confusion over this question. The execution of the criminal law for ages had been surrounded with technical difficulties, and the purpose of the codifiers in adopting the Criminal and Penal Codes was to simplify the practice and make it conform to that embodied in the Code of Civil Procedure, so far as was consistent with the preservation of the rights of one accused of a crime. Whatever conflict existed over this question in the former practice was, therefore, obliterated by the Code of Criminal Procedure. Section 465 prescribes the grounds upon which a new trial may be granted, among which are "when the court has misdirected the jury in a matter of law" (subd. 5), and "when the verdict is contrary to law or clearly against evidence." (Subd. 6.) Section 464 provides that the "granting of a new trial places the parties in the same position as if no trial had been had," and section 544 that, "when a new trial is ordered it shall proceed in all respects as if no trial had been had." In conformity to the practice in civil cases, the court may affirm or reverse the judgment (sec. 543), and if no new trial is ordered, but a reversal had, direct the discharge of the defendant. (Sec. 545.) By these provisions it was intended to give the trial court or the appellate court the power to order a new trial, and when granted it

was to proceed *de novo*. The aim of these provisions was to clarify the existing confusion, and they were not devised to enable an appealing defendant to escape altogether because through an error a mistrial in fact has resulted.

In People v. Palmer (109 N. Y. 413) the defendant was indicted for assault in the first degree, but convicted for assault in the third degree, of which offense the Court of Special Sessions had exclusive jurisdiction. The General Term reversed the judgment and ordered a new trial. The defendant unsuccessfully endeavored to secure at General Term a modification of its order granting a new trial, by providing for the discharge of the defendant on the reversal of the judgment, and an appeal was taken to the Court of Appeals from this order and that part of the judgment ordering a new trial. The sole question, therefore, was whether the conviction for the minor offense acquitted the defendant of the crime charged in the indictment, and on which he was tried, and the court, after a careful consideration of the case, affirmed the judgment of the General Term which granted the new trial. The court decided that the provisions of the Criminal Code authorizing the granting of the new trial pertain to the procedure, and did not contravene the inhibition of the Constitution already quoted. After commenting on the provisions of the Criminal Code the court say, at page 419: "It would be a grievous miscarriage of justice, and the intent of the law would be thwarted, if it should be held that a reversal, upon a prisoner's appeal for errors of law upon his trial, had the effect of putting it out of the power of the People to further try him under the indictment, when his guilt might be competently established. We do not think such is the result. The effect of the defendant's appeal is merely to continue the trial under the indictment in the appellate court; and if reversal of the judgment of conviction follows, that judgment, as well as the record of the former trial, have been annulled and expunged by the judgment of the ap-

pellate court, and they are as though they never had been; while the indictment is left to stand as to the crime, of which the prisoner had been charged and convicted, as though there had been no trial."

The court further held that where a defendant appeals from a judgment of conviction " he must be deemed to ask for a correction of errors made upon his trial and to waive his constitutional protection. Of necessity he must be deemed to ask for a new trial." The opinion of the court concludes as follows: " The defendant must go back and stand his trial under the indictment as though he had never been tried, for he himself has removed the bar which was effective to prevent his further trial for the offense charged."

The counsel for the appellant lays much stress upon a clause in this opinion that " only where the result of the former trial was, in effect, an acquittal of another crime charged in the indictment may he plead that result in bar of further prosecution for that crime." To illustrate, if the indictment contains two counts, one for burglary and the other for larceny growing out of the same transaction, as they must to be incorporated in the same indictment (Code Crim. Proc. sec. 279; People v. Wilson, 151 N. Y. 403), if the jury pass upon the acts and find the defendant guilty of one crime charged in the indictment that acquits of the other crime charged as deducible from the same facts. The court did not intend to go beyond this plain principle of the criminal law in the sentence quoted. It did not intend by that single cause to destroy the force of its decision. If the language is to be given the scope claimed for it no new trial should have been ordered, for " in effect " the conviction for assault in the third degree was an acquittal of the higher crime. It simply intended to relate to a conviction had upon an indictment containing more than one count.

The decision in People v. Cignarale (110 N. Y. 23), and upon which the counsel for appellant relies, was rendered at the same term as the Palmer case referred to. In this case the

defendant was indicted for murder in the first degree, and during the trial of the case the jury were discharged and the defendant permitted to withdraw her plea of not guilty and pleaded guilty to murder in the second degree. Before sentence she was allowed to withdraw her plea of guilty, and upon the trial of the indictment was found guilty of murder in the first degree. Upon appeal it was urged that the acceptance of the plea of murder in the second degree was an acquittal of the higher crime charged in the indictment. The court held otherwise. In its discussion of the question, it incidentally commented upon the principle now contended for in behalf of the defendant and remarked that it was well supported by authority. The court, however, was careful to state that it did not deem it necessary to consider whether this rule was changed by the sections of the Code of Criminal Procedure from which excerpts have already been taken.

Guenther v. People (24 N. Y. 100) and People v. Dowling (84 id. 478), only the latter of which sustains the position of the counsel for the appellant, were decided before the adoption of the sections of the Code of Criminal Procedure to which we have adverted. In Sullivan v. People (27 Hun, 35) the question was reviewed and a new trial was ordered by a majority of the court. (See, also, People v. Shields, 34 Misc. Rep. 256; People v. Webster, 59 Hun, 398, 402; State v. Behimer, 20 Ohio St. 572.) Kring v. Missouri (107 U. S. 221), cited by the counsel for the appellant, is not in point. In that case, after the commission of the crime, the Constitution of the State of Missouri was amended to the effect that upon the conviction of a lesser offense than that charged in the indictment, if the judgment of conviction were set aside it did not operate to acquit the defendant of the graver offense. The trial court gave to this provision which abrogated the existing law a retroactive effect, and for that reason the conviction on the second trial was reversed by the United States Supreme Court. That court, however, expressly held that the State possessed the

power to make the change in the law which the amendment contemplated, as it related to the procedure, and its only criticism was as to the *ex post facto* construction put upon it by the trial court.

We believe the change wrought in the practice by the sections of the Code of Criminal Procedure is a salutary one. A defendant is accused of a grave crime and is convicted of a lesser offense, which finds no support in the evidence and lacks the constituent elements of the crime charged; he moves for a new trial, in effect saying to the court: "I prefer a new trial on the indictment to submitting to this unjust verdict." The court takes him at his word and sets aside the verdict and accords him the new trial. He makes his application voluntarily within the regulations governing the practice. It is neither reasonable nor logical upon granting his application to hold that the verdict is a nullity, but still retain in it sufficient vitality to acquit him of the offense of which he is accused in the indictment.

The defendant by a motion for a new trial took advantage of the erroneous instruction to the jury permitting them to convict of the lesser offense. The court entertained and denied the motion. There was no motion to discharge the defendant. The trial court acted upon the precise issue tendered by the defendant, and then imposed sentence. It is too late now for the defendant to maintain that he did not desire the new trial, which was the only relief sought. He elected his mode of procedure and is bound by it.

The judgment of conviction should be reversed and new trial ordered in the County Court.

ADAMS, P. J., HISCOCK and NASH, JJ., concurred; McLEN-NAN, J., concurred in result.

Judgment of conviction reversed and new trial ordered in Cattaraugus County Court.