THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STEPHEN ZIELINSKI, Appellant, Impleaded with "JOHN DOE," Defendant.

Fourth Department, May 6, 1936.

*Daniel J. O' Neil,* for the appellant.

*Walter C. Newcomb, District Attorney* [*Peter J. Naples, Assistant District Attorney,* of counsel], for the respondent.

CROSBY, J. We think the defendant's guilt of the crime of assault in the first degree is established beyond a reasonable doubt. A point made by appellant, not in his brief but upon the oral argument, deserves attention. The indictment accused defendant of an attempt to commit murder, while the verdict and the judgment of conviction are for assault in the first degree.

Section 445 of the Code of Criminal Procedure provides as follows: " In all other cases [than those mentioned in section 444

the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment."

If that section be interpreted to mean that the defendant can only be convicted of a crime that is necessarily included in the *statutory definition* of the crime with which the defendant is charged in the indictment, then the judgment here is improper. For an attempt to commit murder does not necessarily include an assault. The attempt at murder might be made by mailing a package of poison which miscarried in the mail. It was said in *People* v *McDonald* (159 N. Y. 309) that even murder did not necessarily. include an assault. Much less does an attempt to commit murder include an assault.

But if section 445 be interpreted to mean that the defendant may be convicted of any crime necessarily included in the crime as *charged in the indictment in the particular case,* then the judgment herein is proper. For the indictment charges all the elements of an assault in the first degree.

The correct rule seems to be that if the allegations of the indictment, relating to the crime charged, and not relating to the crime found, can be stricken from the indictment, and still have in the indictment sufficient allegations of the crime found, then the judgment of conviction is good, if sufficiently supported by the evidence. (See *United States ex rel. Valenti* v. *Karmuth,* 1 F. Supp. 370; *Dedieu* v. *People,* 22 N. Y. 178; 31 C. J. 856, § 485; 861, § 506; 866, § 518.)

In the case of *People* v. *Miller* (143 App. Div. 251; affd., 202 N. Y. 618) it was held that section 445 should be so construed as to require that the lesser offense for which a conviction might be had must be either *included in the statutory definition* of the crime for which the defendant is indicted *or included in the acts set forth in the indictment,* and that the latter was sufficient.

In the opinion in *People* v. *Nichols* (230 N. Y. 221) it is said that one crime is not " necessarily included " in another where they are " substantively and generically entirely separate and disconnected offenses." In the instant case the indictment is for an attempt to commit murder, while the conviction is for an assault in the first degree, which the statute defines as an assault " with intent to kill a human being." (Penal Law, § 240.) These two crimes cannot be said to be " substantively and generically entirely separate and disconnected offenses." Indeed they are not only quite similar but nearly identical. (See, also, *People* v. *Kennedy,* 57 Hun, 532; *Burns* v. *People,* 1 Park. Cr. 182; *People* v. *Santoro,* 229 N. Y. 277; *People* v. *Wheeler,* 79 App. Div. 396; *People* v.

*Schiavi*, 96 id. 479; *People* v. *McDonald*, 49 Hun, 67; *People* v. *Connors*, 13 Misc. 582.)

The briefs in this case furnished no aid to the solution of this interesting question, but from such authorities as we have been able to find, we think it clear that the judgment of conviction herein should be affirmed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment of conviction affirmed.