THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN MERRILL, Appellant.

Third Department, July 7, 1955.

*John Merrill,* appellant in person.

*Timothy F. O'Brien, District Attorney (John T. Casey* of counsel), for respondent.

Coon, J.   Defendant-appellant was indicted jointly with one James Connors for the theft of twenty-two tons of new steel reinforcing rods from their employer, the Crowe Construction Company.   Defendant was superintendent in full charge of construction of a high school in Troy, N. Y., for his employer, the construction company.   Connors entered a plea of guilty before the trial and testified at the trial on behalf of the People, and among other things, testified that a portion of the steel was sold to one Friedman and another portion to one Symansky, junk dealers.   Friedman and Symansky were also witnesses for the People at the trial, and testified to the purchase and payment and corroborated substantially Connors' testimony, which was also corroborated by the testimony of other witnesses.   Everyone assumed at the trial, and of course the People now concede, that Connors was an accomplice.

One of the principal contentions of appellant is that the trial court should have charged that Friedman and Symansky were accomplices as a matter of law, and that their testimony had to be corroborated.   In that respect appellant seems to be under the misapprehension that because section 1308 of the Penal Law contains certain specific provisions with relation to the proof required to make junk dealers criminal receivers of stolen property, that it also makes them an accomplice to the theft. There is nothing in section 1308 which expressly makes Friedman and Symansky accomplices to the theft, and a determination as to whether or not they were accomplices depends upon whether there is testimony or evidence of their participation in the theft itself.   (*People* v. *Richardson,* 222 N. Y. 103; *People* v. *Swift,* 161 Misc. 851, affd. 251 App. Div. 808, affd. 277 N. Y. 618.)   We find nothing in this record tending to connect either Friedman or Symansky with participation in the theft to an extent which would justify, let alone require, a charge to the jury that they were accomplices as a matter of law.

The court did define accomplice and instruct the jury as to the necessary corroboration required by section 399 of the Code of Criminal Procedure.

Appellant also contends that it was error for the trial court to answer requests of the jury during their deliberations in the absence of his counsel. It appears from the record that the jury retired at 11:05 A.M., whereupon counsel for the defendant told the court that he would be absent for one hour, which would require his presence in court again at 12:05 P.M. At 12:30 P.M., the jury requested instructions, whereupon the court caused efforts to be made to locate defense counsel and held the jury until 1:45 P.M., and then had them brought to the courtroom. The defendant was personally present. The jury asked that the indictment be read and that certain testimony be read, which was done; that certain law be read, which was done, and also requested the court to explain the meaning of an accomplice. To the latter request the court correctly defined an accomplice and substantially repeated what he had said in the main charge. Section 427 of the Code of Criminal Procedure provides that upon request for information by the jury, " the information required must be given after notice to the district attorney and to the counsel for the defendant, and in case of felony, in the presence of the defendant." The question presented is what constitutes notice to counsel for the defense. Counsel is supposed to be in the courtroom. Here he was given permission to be away for one hour. From 12:30 P.M., when the jury's request was made, until 1:45 P.M., he could not be located. Some reasonable construction must be given to the requirement. A jury's request may not be denied indefinitely while the jury is being held, and it would seem that after a reasonable delay and efforts made to locate defense counsel and he could not be found, that that constitutes notice sufficient to satisfy the requirement. While it is highly desirable that counsel be present, when it is impossible to locate him after a reasonable time we do not think it is reversible error to consider that he has been notified and to proceed. (Cf. *People* v. *Kennedy,* 57 Hun 532.) Moreover, no prejudicial harm was done to the defendant's rights. The only thing counsel could legally have done if present was to record an exception to what had occurred. Assuming that such an exception was taken, we find no error in any of the occurrences. (*People* v. *Silverman,* 252 App. Div. 149, 178.)

The other errors assigned by appellant are inconsequential, and the conviction should be affirmed.

However, in the interest of justice, the sentence on the second indictment should be reduced to an indeterminate term of not less than one year and not more than two years, to run consecutively

with the sentence imposed on the first indictment, and, as so modified, the judgment should be affirmed.

FOSTER, P. J., BERGAN and HALPERN, JJ., concur; IMRIE, J., not voting.

Judgment modified, by reducing the sentence on the second indictment from an indeterminate term of not less than two and one-half years and not more than five years in Clinton Prison at Dannemora, N. Y., as imposed, to an indeterminate term of not less than one year and not more than two years in Clinton Prison at Dannemora, N. Y., to run consecutively with the sentence imposed on the first indictment, and, as so modified, the judgment is affirmed.