Archibald C. Wemple, J.
It appears from the record that on September 30, 1953 the petitioner herein was indicted bv a *985 Grand Jury of Schenectady County on counts of attempted robbery in the first degree, attempted grand larceny in the first degree and assault in the second degree, arising from an attempted robbery on June 21,1953 from one Elizabeth Forbes, and on counts of robbery in the first degree and assault in the second degree, arising from a robbery on June 22, 1953 from one Constance Sturroclc. That, thereafter, on October 26, 1953, defendant entered a plea of guilty to all counts of both indictments and on November 10, 1953, petitioner was sentenced, as a second offender, as follows: attempted robbery first, 7% to 20 years; attempted grand larceny first, 5 to 10 years; assault second, 2% to 10 years; robbery first, 15 to 35 years; grand larceny first, 5 to 10 years; and assault second, 2% to 10 years. All sentences to run concurrently and not consecutively. No appeal was taken from the judgment.
The petitioner now brings this proceeding for a writ of error coram nobis seeking to have the judgment and sentences imposed thereon set aside and that he be returned to the court for resentence.
The courts have repeatedly held that coram nobis is available only to correct an error of fact but is not available to the convicted defendant to correct errors of law. (People v. Sidoti, 1 A D 2d 232.) Obviously, the relief prayed for here is a question of law. However, in the Sidoti case the court looked to the substances of the application rather than to its label and chose to consider the application as a motion for resentence. This court is inclined to follow the rule laid down in the foregoing case.
The counts of robbery and attempted robbery in each indictment are the crimes with the maximum punishment. The othei' crimes in the indictments and to which the defendant pleaded guilty, assault and grand larceny, are part of the robbery and merge in the major crime. Sentence should only have been imposed for robbery and attempted robbery. (People ex rel. Richardson v. Morhous, 182 Misc. 299; Matter of Zovich v. Eaton, 259 App. Div. 585.)
Accordingly, the court directs that the sentence originally imposed be corrected by deleting the sentence for attempted grand larceny first of 5 to 10 years; that of assault second of 2% to 10 years; that of grand larceny first of 5 to 10 years and that of assault second of 2% to 10 years; and, as so corrected, said judgment and sentence shall, in all other respects, remain in full force and effect.
Application for hearing is, therefore, denied. Submit order.