Archibald C. Wemple, J.
This is a proceeding in coram nobis to review the judgment and sentence of the above-named defendant, of the County Court, County of Schenectady, on the 9th day of June, 1953.
The defendant was indicted by the Grand Jury of Schenectady County for the crimes of robbery, first degree, assault, second degree, and grand larceny, first degree, arising out of a robbery which occurred on December 15, 1952. All of the counts emanated from the same event.
After an original “ not guilty ” plea, the defendant, with advice of counsel, withdrew his plea of “ not guilty ” and entered a plea of “ guilty ” to all of the counts on May 4, 1953 and was sentenced on June 9, 1953 by the Hon. James W. Diddle, County Judge of Schenectady County, as follows: robbery, second, 5 to 15 years; assault, second, 2% to 5 years; grand larceny, first degree, 5 to 10 years; all of said sentences to run concurrently and not consecutively..
*1083 The defendant is still in confinement at Wallkill State Prison, and in this proceeding challenges the validity of said sentence, alleging “ triple punishment * * * unjust aggrievement * * * denial of due process of law * * * invalid judgment and sentence ” and asks to be remanded to the Schenectady County Court for resentence.
The petitioner further contends that there should have been a merger of the three counts and, under section 1938 of the Penal Law, a sentence pronounced on the ‘ ‘ highest grade of offense only. ’ ’
The District Attorney, in his answer to the petition, admits the possibility that, by inadvertence, the presiding Judge may have imposed sentences on the counts of assault, second, and grand larceny, first, but the District Attorney, at the same time, strongly contends that the defendant has not been prejudiced since the sentences imposed for the respective counts were to run concurrently and that, therefore, the defendant will not serve more than the time required in the' sentence for the u highest grade of offense,” which, in this case, is the sentence of 5 to 15 years for the crime of robbery, second degree.
This court is of the opinion that the sentence imposed on June 9, 1953, of 5 to 15 years, is not excessive. The remanding of the defendant to Schenectady County for the purpose of correcting the sentence would serve no useful purpose, nor would the defendant benefit thereby.
Following a recent previous decision of this court (People v. Berry, 3 Misc 2d 984), the court directs that the sentence of this court dated June 9, 1953 be modified by deleting therefrom the imposition of the sentence of 2% to 5 years on the plea of guilty to the count of assault, second degree, and the sentence of 5 to 10 years on the plea of guilty to the count of grand larceny, first degree, for the reason stated, and that the sentence in all other respects shall remain in full force and effect.
Application denied. Submit order.