Thomas Dickens, J.
This motion has for its objective the vacating of defendant’s plea of guilty to the charge of grand larceny in the second degree.
The charge of grand larceny is not alleged as one of the counts in the indictment. The actual counts alleged are robbery in the second degree, assault in the second degree, petit larceny, and criminally receiving stolen property.
The sole and only reason advanced by defendant for the move to change his ground and mend his hold is found in the conclusory statement that “ the crime of grand larceny in the second degree was not a crime to which he could plead within the purview of this indictment.” (Attorney’s affidavit.)
*547 In other words, defendant means to say that despite his attainder by confession on November 15, 1932, to cover all the counts of the indictment, it is, nevertheless, made to a crime not within the range of the indictment, and, consequently, is in direct violation of the Constitution, which provides that the trial of a capital offense must be had by indictment. (People ex rel. Wachowicz v. Martin, 293 N. Y. 361.)
This is the single question raised for disposition.
In the light of the law, however, concerning the crimes of robbery and larceny in their relative bearing towards each other, particularly with respect to pleas of guilty, this contention cannot prevail here.
To begin with, a plea of guilty is equivalent, in effect, to a conviction by the verdict of a jury. (People v. Krennen, 264 N. Y. 108; People ex rel. Carr v. Martin, 286 N. Y. 27; People v. Dalton, 205 Misc. 755.)
A plea is a sound basis for the judgment of conviction and needs no other support. Acceptance of the charge as true and well founded, is enough. (People v. Clement, 278 App. Div. 1040.) A judgment thereon is as binding in all respects as a judgment of guilty on the verdict of a jury. (People v. Simmons, 130 Misc. 821.) Nothing short of a withdrawal of that plea by leave of the court can change such situation. (People ex rel. Hubert v. Kaiser, 150 App. Div. 541, affd. 206 N. Y. 46.)
All that being so, section 445 of the Code of Criminal Procedure becomes the governing factor for a determination as to whether this defendant, by his plea herein, likened, as heretofore pointed out, to a defendant convicted by the verdict of a jury, ‘ ‘ may be found guilty of any crime, the commission of which is necessarily included in that which he is charged in the indictment.” (Italics supplied.)
At this juncture, the vital question poses: Is the compromise crime of grand larceny, pleaded guilty to in this instance, the kind of crime that is “necessarily included” within the compass of the indictment in question?
Extensive research has produced law that tends to lean toward an affirmative answer.
The words 1‘ necessarily included, ’ ’ appearing in the language quoted from section 445, have been interpreted to mean that the lesser offense must be either included in the statutory definition of the crime for which defendant is indicted or included, in the acts set forth in the indictment, and that the latter is sufficient (italics supplied). (People v. Zielinski, 247 App. Div. 573.)
*548 The lesser offense will be sustained if the acts constituting it are necessarily included in the acts charged in the indictment as constituting the graver offense. (People v. Miller, 143 App. Div. 251, affd. 202 N. Y. 618.) It is enough to prove so much of the indictment as shows that the defendant committed a substantial crime therein specified. (People v. Miller, supra, p. 257.)
A concrete general illustration of the application of the pivotal words, “ necessarily included,” in section 445, will prove helpful by a reference to what the court says on the subject in People v. Kennedy (11 N. Y. S. 244).
The court in the Kennedy case (supra) in disposing of the propriety of the jury’s verdict of grand larceny in the first degree, although the indictment charges robbery in the second degree, notes (p. 246): “ The indictment was for robbery, second degree, and the verdict was grand larceny, first degree. There can be no robbery without larceny, and hence the accusation of robbery includes that of larceny,— the greater including the less. The facts charged in the indictment, in support of the accusation, supported both the accusation of robbery in the second degree and grand larceny in the first degree. The verdict was therefore in accordance with the indictment, and for the minor offense which the greater includes. Code Grim. Pro. § 445.” (See, also, People v. McDonald, 1 N. Y. S. 703, 704, cited with approval in the Zielinski case, supra; Matter of Plato, 2 N. Y. City H. Rec. 31; People v. Langton, 32 Hun 461 ; People v. Berry, 3 Misc 2d 984, 985.)
Here too, as in the Kennedy case (supra) the indictment is, inter alla, for robbery, and the conviction for grand larceny although by way of a guilty plea. And, here too, the facts in the record support the accusation in question. And it is these facts which control the character of the crime presented by the indictment, and not the name of the crime which controls. (People v. Morgan, 270 App. Div. 859; People v. Resnick, 21 N. Y. S. 2d 483.) And it is these facts which form the backbone of the generic crime of robbery to which the plea is interposed, so that on the plea, and as a result thereof, the minor offense of petit larceny and the other graver offenses herein, offshoots of the generic crime of robbery, are regarded as surplusage (People v. Miller, supra, p. 253) or else considered merged in the major crime (People v. Berry, supra, p. 985). And also, each count is regarded as if it is a separate indictment. (People v. Sciascia, 268 App. Div. 14, affd. 294 N. Y. 927.)
*549 At bar, the essential highlights of the circumstances concerning the commission of the crime of robbery from an examination of the minutes of November 22, 1932, pertaining to defendant’s arraignment for sentence before the late Judge John J. Freschi, point to a taking of property by defendant from the person of the victim. Regardless, therefore, of the value of the property taken, the facts of the crime can fit well the charge of either robbery or larceny. (People v. Stein, 80 App. Div. 357; Murphy v. People, 3 Hun 114, affd. 63 N. Y. 590; Penal Law, § 1296, subd. 2.)
To cap it all, the Court of Appeals in People ex rel. Prince v. Brophy (273 N. Y. 90), apparently delivers the climactic mortal stroke to defendant’s hopes of accomplishing a change of front and of thereby setting the plea of guilty at naught.
There, as in the case at bar, the defendant pleads guilty to larceny, second degree, to cover an indictment containing the same kind of counts excepting that of robbery, which is in the first degree instead of in the second. There, as here, the defendant subsequently attacks the legality of the sentence, although not by the ordinary form of motion as here, but by means of a habeas corpus proceeding, maintaining that larceny, second degree, is outside the realm of the indictment and is therefore nugatory.
After commenting upon the jurisdictional phase of the case and upon the defendant’s failure therein to invoke the proper tactical measures at the appropriate time to preserve his rights and upon the method pursued for relief — all resolved by the court against the defendant to the detriment of his controversial position — the court proceeds in the final analysis to make this general observation affecting directly the defendant’s rights (People ex rel. Prince v. Brophy, supra, p. 99): “ Where, therefore, as in this case the indictment could have been amended so as to contain a count for taking the property by force from the person * * *, which would include the crime of larceny in the second degree, the defendant in requesting that such a plea might be accepted, in effect, waived any objection that the indictment did jaot contain such a count or at least consented that it be amended so as to allege such a count. An amendment, which he could have consented to or which in the discretion of the court could have been made without his consent, cannot be pleaded as a defect depriving a court of jurisdiction when he and his counsel specifically asked the court to reduce the indictment from robbery in the first degree to larceny in the second degree, and the court complied with the request.” (See, also, People ex rel. *550 Kondrk v. Foster, 299 N. Y. 329, 332; People ex rel. Wachowicz v. Martin, 293 N. Y. 361, supra; Frank on Coram Nobis, pp. 55, 56.)
It follows from this authoritative excerpt that even if it be assumed that the facts pertaining to the larceny plea herein do not fit the specified robbery count, defendant is nonetheless foreclosed by a waiver from raising any objection thereto.
The same reasoning that bars access to the remedy of a writ of habeas corpus, similarly bars access to the remedy of a motion to vacate the judgment and sentence. (People v. Wasnik, 51 N. Y. S. 2d 659.)
The foregoing traverse of the law leaves no room for any adjudication other than one for a denial of the motion.
The motion is accordingly denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant and his attorney.