Maurice W. McCann
(Yates County Judge and Acting Judge for Monroe County). The defendant-petitioner in the Monroe County Court on the 12th day of September, 1951, entered a plea of guilty to the crime of rape in the first degree. He was convicted and sentenced to Attica State Prison for an inde *461 terminate term of one day to life on the 23rd day of October, 1951. The defendant-petitioner now contends that his conviction should be vacated on the ground that his sentence was illegal, in view of the provisions of sections 2182 and 2500 of the Penal Law.
Subdivision 2 of section 2182 provides that “ No person shall be sentenced to imprisonment in a state prison if the term or minimum term for which he is sentenced be less than one year; nor shall the period of imprisonment in a state prison be reduced in any case below one year, notwithstanding any provision of the correction law ’ ’.
Section 2500 provides, in substance, that no part of this chapter' shall be deemed repealed by the passage of any subsequent statute inconsistent therewith. Thus, defendant-petitioner claims that section 2010, which provides for the sentence which he received and which he is presently serving is illegal because it is inconsistent with the provisions of sections 2182 and 2500.
The question raised by this proceeding is clearly one of law. Our courts have held that cor am nobis is available only to correct an error of fact, but is not available to correct questions of law (People v. Sidoti, 1 A D 2d 232; People v. Berry, 3 Misc 2d 984).
Defendant-petitioner’s application is, therefore, denied.
Submit order.