■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DENNIS C. McGUIRE, Appellant. — In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Suffolk County, dated February 8, 1963, which denied without a hearing his application to vacate a judgment of said court rendered June 5, 1957 after a jury trial, convicting him of robbery in the first degree and imposing sentence. The judgment of conviction was previously affirmed by this court (14 A D 2d 900, mot. for lv. to app. den., DESMOND, Ch. J., March 7, 1962 — the conviction being there erroneously referred to as one of burglary in the first degree). Order affirmed. We shall assume that, under appropriate circumstances, a judgment of conviction may be set aside in a *coram nobis* proceeding based on the fact that the defendant's retained attorney was hard of hearing (but see *People* v. *Brown*, 7 N Y 2d 359; *People* v. *Girardi*, 2 A D 2d 701; *Moss* v. *Hunter*, 167 F. 2d 683, 684). Nevertheless, it does not appear that the attorney's competence and difficulty in hearing were such as to deprive this defendant of fundamental rights or effective representation in a trial in which the codefendants were represented by separate counsel, nor that the trial was a farce and mockery of justice (cf. *People* v. *Girardi*, supra; *People* v. *Brown*, supra). The defendant also contends that he was not present in the courtroom when, at the request of the jury for an exhibit (the appellant's statement or confession), the exhibit was reread to the jury. He does not contend that his attorney was absent from the courtroom at that time. Assuming that such contention may be urged in a *coram nobis* proceeding despite the fact that the issue was not raised in the defendant's appeal from the judgment of conviction (but see *People* v. *Shapiro*, 3 N Y 2d 203), nevertheless, his absence from the courtroom at that time had no "relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" (*Snyder* v. *Massachusetts*, 291 U. S. 97, 105–108; cf. *People ex rel. McBride* v. *Fay*, 19 A D 2d 712, affd. 14 N Y 2d 843; *People ex rel. Lupo* v. *Fay*, 13 N Y 2d 253; *People* v. *Merrill*, 286 App. Div. 307, 309). There was no prejudice to the defendant's rights (*People* v. *Merrill*, supra). (For related appeals, see *People* v. *McBride*, 9 A D 2d 695; *People ex rel.*

*McBride* v. *Fay, supra.*)   Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.